[No. A056258. First Dist., Div. Five. Oct. 8, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
TERRYL JAMES LYTLE, Defendant and Appellant.

**COUNSEL**

Mark Patrick Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Jeremy Friedlander and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Terryl James Lytle appeals his conviction by guilty plea to four counts of armed robbery. (Pen. Code, § 211.)[1] He contends the trial court violated his plea bargain by imposing a restitution fine without advising him it was mandatory. We affirm.

### FACTS AND PROCEDURAL HISTORY

Since this appeal raises only a sentencing issue, a detailed recitation of facts is unnecessary. In September 1991, pursuant to a plea bargain, appellant pled guilty to four counts of armed robbery and admitted violating probation. As part of the plea bargain, appellant was promised that the sentence on his probation violation would run concurrently with the armed robbery sentence. Before entry of his plea the magistrate advised appellant he faced a maximum of eight years in prison, that the court might impose a fine up to $10,000, and "you also could be ordered to pay a restitution payment of no less than one hundred dollars, up to as much as ten thousand dollars." When asked if he understood, appellant responded affirmatively. Appellant was not advised, as required by section 1192.5, that the court's approval of the plea was not binding and that the sentencing court could withdraw its approval at the time set for the hearing on the application for probation or pronouncement of judgment, in which case appellant would be permitted to withdraw his plea.

Appellant was sentenced to eight years in prison for the armed robbery counts, and a two-year eight-month concurrent sentence on the probation violation, and was ordered to pay a $5,000 restitution fine. Appellant did not object to imposition of the restitution fine at the time of sentencing, or request a hearing to determine the amount thereof. (Gov. Code, § 13967, subd. (c).)

### DISCUSSION

Appellant contends this court should reduce the restitution fine to the $100 statutory minimum because he was not advised that the restitution fine prescribed by Government Code section 13967, subdivision (a) was a

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

*mandatory* consequence of his plea, but rather was advised that it was a *possible* consequence. Thus, he reasons, he was misled into believing he had the opportunity to persuade the court not to impose the fine.

Government Code section 13967, subdivision (a) provides, in relevant part: "[I]f the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). . . . Except as provided in [section 1202.4] . . . , under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. . . ." Section 1202.4, subdivision (a) provides that the restitution fine prescribed by Government Code section 13967 "shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver." Government Code section 13967, subdivision (c) allows the defendant a hearing to dispute the amount of any restitution fine ordered.

When a defendant pleads guilty or nolo contendere, whether or not the plea is pursuant to a plea bargain, he must be advised of and waive his rights of self-incrimination, confrontation and jury trial (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]), and must be advised of the direct consequences of the plea, including the maximum possible penalty. (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 604-605 [119 Cal.Rptr. 302, 531 P.2d 1086].)

The validity of a guilty or nolo contendere plea requires a record demonstrating that the defendant understood the nature of the charges and the direct consequences of conviction, including the possible range of punishment. Due process requirements attach to implementation of a plea bargain, such that violation of the bargain by the state raises a constitutional right to some remedy. (*People* v. *Mancheno* (1982) 32 Cal.3d 855, 860 [187 Cal.Rptr. 441, 654 P.2d 211]; see *Santobello* v. *New York* (1971) 404 U.S. 257, 266-267 [30 L.Ed.2d 427, 435-436, 92 S.Ct. 495].)

The plea bargain herein is primarily governed by section 1192.5, which permits a plea of guilty or nolo contendere to a felony charge to "specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty, and may specify the exercise by the court thereafter of other powers legally available to it." If the plea is accepted by the prosecutor in open court

and approved by the court, the punishment may not be more severe than specified, and the court may not deviate from the terms of the bargain.

In *People* v. *Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861], the Supreme Court addressed the issue of the erroneous imposition of restitution fines. In *Walker*, the defendant pled guilty to a felony pursuant to a plea bargain. In accepting his plea the court advised the defendant that the maximum penalty for the offense was seven years in state prison and a $10,000 fine. He was not informed that he was subject to a mandatory restitution fine of between $100 and $10,000, nor was he advised pursuant to section 1192.5 that he had the right to withdraw his plea if the sentencing court deviated from the plea bargain. At sentencing, the court imposed a five-year sentence and a $5,000 restitution fine. The defendant did not object to the fine at sentencing, but on appeal contended the fine should be stricken because it was not part of the plea bargain. The Supreme Court noted that the court should have advised the defendant there was a "possible $10,000 penalty fine *and* a mandatory restitution fine of between $100 and $10,000." (*Id.*, at p. 1029.) It held that the court's failure to advise the defendant of the restitution fine as a consequence of the plea was harmless on appeal, because it was not challenged at or before sentencing. However, imposition of the restitution fine violated the plea bargain and was not subject to harmless error analysis, because a section 1192.5 admonition was not given. *Walker* further held that because the error was raised after sentencing, the proper remedy was to reduce the restitution fine to its statutory minimum. In conclusion, *Walker* stated: ". . . Courts and . . . parties should take care to consider restitution fines during the plea negotiations. The court should always admonish the defendant of the statutory minimum $100 and maximum $10,000 restitution fine as one of the consequences of *any* guilty plea . . . ." (54 Cal.3d at p. 1030.)

■ Appellant argues that the court's imposition of a $5,000 restitution fine after the magistrate failed to advise him that a restitution fine was mandatory substantially altered the nature of the plea bargain. Appellant does not, and cannot, argue that he was not advised that a restitution fine could be imposed, or that he was not advised of the maximum possible amount. In essence, appellant is arguing that the court's failure to advise him that the $100 *minimum* restitution fine was mandatory deprived him of the opportunity at sentencing to persuade the court that it should not be imposed. We conclude that even if the magistrate's admonition was insufficient, appellant is not entitled to relief. Only the statutory $100 minimum restitution fine is mandatory, and any amount in excess of $100 is discretionary with the court. Thus, the only issue is the $100 minimum restitution fine, which *Walker* determined as a matter of law is not a "significant" penalty

within the context of a felony plea, to the extent that the failure to advise of the mandatory nature thereof will warrant reversal on the ground that its imposition violates the plea bargain. (*People* v. *Walker, supra*, 54 Cal.3d at p. 1027.) Since appellant was advised of a maximum possible restitution fine of $10,000 and the court only imposed $5,000, he cannot complain that the discretionary amount of the fine exceeded that of which he was advised might be imposed. He could have sought a hearing on the determination of the amount of the restitution fine ordered, but failed to do so. (Gov. Code, § 13967, subd. (c).) Consequently, he cannot now claim on appeal that the $5,000 fine was excessive.

Affirmed.

King, Acting P. J., and Walker, J.,* concurred.

---

*Judge of the Napa Superior Court sitting under assignment by the Chairperson of the Judicial Council.