20 Cal.Rptr.3d 877 (2004)
123 Cal.App.4th 1453
The PEOPLE, Plaintiff and Respondent,
v.
Melvin Lewis KNOX, Defendant and Appellant.
No. H026701.
Court of Appeal, Sixth District.
November 10, 2004.
Rehearing Denied December 2, 2004.
Review Denied January 19, 2005.[*]
*878 Lori A. Quick, under appointment by the Court of Appeal, for Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Senior Assistant Attorney General, Martin S. Kaye, Supervising Deputy Attorney General, for Respondent.
McADAMS, J.
Defendant Melvin Knox was sentenced to prison following a no contest plea. As part of defendant's sentence, the court ordered him to pay fines, including a restitution fund fine of $1,200. Defendant challenges the court's imposition of that fine on appeal. He asserts that the fine was not part of his plea bargain, and he asks us to reduce the fine to the statutory minimum.
We reject defendant's contentions and we affirm the judgment. As we explain, there is no violation of the plea bargain where, as here, the court properly advises the defendant of the restitution fine prior to accepting his plea.

BACKGROUND
In May 2002, following his arrest by a Gilroy police officer, defendant was charged in a felony complaint with one count of possessing cocaine base for sale. (Health & Saf.Code, § 11351.5.) As sentence enhancements, the complaint also alleged prior drug convictions and prior prison terms. In September 2002, after the preliminary examination in this matter, a felony information was filed against defendant. Like the complaint, the information alleged the single drug violation count plus prior drug convictions and prison terms.

Change of Plea
In February 2003, defendant entered a plea of no contest to the felony drug count; he also admitted all of the enhancement allegations. In exchange for defendant's plea, the prosecution agreed to a prison sentence of no more than seven years and no less than five, against a maximum term of 19 years.
At the hearing on defendant's change of plea, the court first recited the parties' agreement concerning the prison sentence. The court then obtained defendant's acknowledgement that he was entering the plea freely and voluntarily. The court next advised defendant of his constitutional rights and obtained a waiver of those rights. The court then advised defendant of the various consequences of his plea, including immigration, penal, and financial consequences. Significantly, however, the court did not advise defendant of the circumstances under which he would be permitted *879 to withdraw his plea. (See Pen. Code, § 1192.5.[1])
On the subject of financial consequences, the court mentioned victim restitution then said: "In addition, there's a restitution fund fine. It can be no less than $200, and it might be as much as $10,000. Do you know that?" The defendant answered: "Yes, Your Honor."
The defendant thereafter entered a plea of no contest to the single felony count alleged in the information, and he admitted the truth of the enhancement allegations. The court accepted defendant's plea and admissions, making an express finding that defendant's waiver of constitutional rights was voluntary and intelligent. The court also said: "I further find that you understand the consequences of your plea." After determining the necessary factual basis, the court obtained defense counsel's concurrence in her client's plea.

Sentencing
In April 2003, the court conducted the sentencing hearing. The court heard evidence and argument before imposing a prison term of six years, which it calculated by selecting the midterm of four years on the single charged count, plus one year consecutive terms on each of the two prison enhancements. The court noted: "This is an agreed-upon sentence." The court then said: "I impose a $1200 restitution fine pursuant to the formula." (§ 1202.4.) The court also imposed an equivalent parole revocation fine, which it suspended. (§ 1202.45.)

Defendant's Appeal
In December 2003, defendant filed a notice of appeal after this court granted his application for relief from default.

CONTENTIONS
Defendant contends that the trial court violated the plea agreement by imposing a restitution fund fine of $1,200. He asserts that the restitution fine was not an element of his plea bargain. He asks us to reduce the fine to $200, the statutory minimum, under the authority of People v. Walker (1991) 54 Cal.3d 1013, 1 Cal. Rptr.2d 902, 819 P.2d 861.

DISCUSSION
The sole question before us is whether the imposition of the restitution fine violated defendant's plea bargain. To establish the proper framework for our analysis of that issue, we first briefly review the principles that govern plea bargains. We next summarize the statute that mandates restitution fines. We then apply the relevant legal concepts to the case before us.

Plea Agreements
Negotiated plea agreements are "`an accepted and integral part of our criminal justice system.' [Citations.] Such agreements benefit the system by promoting speed, economy and finality of judgments. [Citation.]" (People v. Panizzon (1996) 13 Cal.4th 68, 79-80, 51 Cal. Rptr.2d 851, 913 P.2d 1061.) As a matter of public policy, a negotiated plea must be "reasonably related to defendant's conduct" and it must "not unreasonably result in punishment less than that called for by statutes which govern the conduct in question." (People v. Beebe (1989) 216 Cal. App.3d 927, 933, 265 Cal.Rptr. 242.) By the same token, the "punishment may not significantly exceed that which the parties agreed upon." (People v. Walker, supra, 54 Cal.3d at p. 1024, 1 Cal.Rptr.2d 902, 819 P.2d 861.)
*880 Traditionally, courts have viewed plea agreements "using the paradigm of contract law. [Citations.]" (People v. Nguyen (1993) 13 Cal.App.4th 114, 120, 16 Cal.Rptr.2d 490 [waiver of appeal rights].) Analogizing to contract law, courts examining plea bargains "should look first to the specific language of the agreement to ascertain the expressed intent of the parties. [Citations.] Beyond that, the courts should seek to carry out the parties' reasonable expectations. [Citations.]" (Ibid., fn. omitted.)
Employing the contract law paradigm, our state's high court has said: "When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." (People v. Walker, supra, 54 Cal.3d at p. 1024, 1 Cal.Rptr.2d 902, 819 P.2d 861 accord, People v. Panizzon, supra, 13 Cal.4th at p. 80, 51 Cal. Rptr.2d 851, 913 P.2d 1061.) The state thus must "keep its word when it offers inducements in exchange for a plea of guilty." (People v. Mancheno (1982) 32 Cal.3d 855, 860, 187 Cal.Rptr. 441, 654 P.2d 211.)
In addition to their contractual qualities, plea agreements also have a constitutional dimension. A criminal defendant's constitutional due process right is implicated by the failure to implement a plea bargain according to its terms. (People v. Mancheno, supra, 32 Cal.3d at p. 860, 187 Cal.Rptr. 441, 654 P.2d 211; People v. Walker, supra, 54 Cal.3d at p. 1024, 1 Cal.Rptr.2d 902, 819 P.2d 861.) For that reason, "violation of a plea bargain is not subject to harmless error analysis." (People v. Walker, supra, 54 Cal.3d at p. 1026, 1 Cal.Rptr.2d 902, 819 P.2d 861.) A defendant may acquiesce in punishment that exceeds the agreed terms of his plea, but his failure to object will not constitute acquiescence if the court taking his plea fails to comply with section 1192.5. (People v. Walker, at p. 1025, 1 Cal.Rptr.2d 902, 819 P.2d 861.) That statute requires judicial advisement of the defendant's right to withdraw the plea if the sentence imposed is more severe than that called for in the plea bargain. (§ 1192.5.)
In analyzing claims of plea bargain violations, courts distinguish between two facets of plea-taking: advisements and agreement. Each gives rise to a different inquiry, though the two aspects are sometimes confused. With respect to the first facet, the question is whether the court properly advised the defendant concerning plea consequences. With respect to the second facet, the question is whether specific terms or consequences became part of the plea bargain. Thus a defendant's "claim as to the asserted breach of the plea agreement is distinct from the question whether the trial court properly fulfilled its duty to advise him regarding the direct consequences of his plea." (In re Moser (1993) 6 Cal.4th 342, 353, 24 Cal. Rptr.2d 723, 862 P.2d 723 [erroneous advisement concerning period of parole]; People v. McClellan (1993) 6 Cal.4th 367, 375, 24 Cal.Rptr.2d 739, 862 P.2d 739 [failure to advise concerning sex offender registration requirement].)
In its seminal decision in People v. Walker, the California Supreme Court explained these "two related but distinct legal principles." (People v. Walker, supra, 54 Cal.3d at p. 1020, 1 Cal.Rptr.2d 902, 819 P.2d 861.) "The first principle concerns the necessary advisements whenever a defendant pleads guilty, whether or not the guilty plea is part of the plea bargain. The defendant must be admonished of and waive his constitutional rights. [Citations.] In addition, and pertinent to this case, the defendant must be advised of the direct consequences of the plea. [Citation.] *881 [¶] The second principle is that the parties must adhere to the terms of a plea bargain. [Citation.] [¶] In any given case, there may be a violation of the advisement requirement, of the plea bargain, or of both. Although these possible violations are related, they must be analyzed separately, for the nature of the rights involved and the consequences of a violation differ substantially. Indeed, much of the confusion engendered by the appellate decisions on this issue results from a blurring of the distinction between these principles." (Ibid.; accord, In re Moser, supra, 6 Cal.4th at pp. 350-351, 24 Cal.Rptr.2d 723, 862 P.2d 723; People v. McClellan, supra, 6 Cal.4th at p. 375, 24 Cal.Rptr.2d 739, 862 P.2d 739.) The Walker case involved the imposition of a restitution fine, which the court never disclosed to the defendant prior to his plea. There, the court concluded, the defendant waived his challenge to the court's failure to advise concerning the fine, but not his claim that its imposition violated his plea bargain. (People v. Walker, supra, 54 Cal.3d at pp. 1029-1030, 1 Cal.Rptr.2d 902, 819 P.2d 861.)

Restitution Fund Fine
"In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (§ 1202.4, subd. (b).) For felony convictions, the fine ranges from a minimum of $200 to a maximum of $10,000. (Id., subd. (b)(1).) The amount of the restitution fine is subject to the trial court's discretion. (Ibid; People v. Lytle (1992) 10 Cal.App.4th 1, 5, 12 Cal.Rptr.2d 433 [decided under predecessor statute]; People v. Gragg (1989) 216 Cal.App.3d 32, 46-47, 264 Cal.Rptr. 765 [same].) If imposing a fine in excess of the statutory minimum, the court must consider all relevant factors. (§ 1202.4, subd. (d).) The court may use a statutory formula to calculate the amount of the fine, which involves multiplying $200 by the number of years of imprisonment and then by the number of counts. (§ 1202.4, subd. (b)(2).)
A restitution fine "qualifies as punishment" for purposes of a plea. (People v. Walker, supra, 54 Cal.3d at p. 1024, 1 Cal.Rptr.2d 902, 819 P.2d 861.) "Accordingly, the restitution fine should generally be considered in plea negotiations." (Ibid.)

Analysis
With the foregoing principles in mind, we now consider whether imposition of the restitution fine violated the plea bargain in this case. We conclude that it did not. As we explain, the critical consideration is whether the challenged fine was within the "defendant's contemplation and knowledge" when he entered his plea. (People v. Panizzon, supra, 13 Cal.4th at p. 86, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) In this case, it was.
Not surprisingly, the primary focus of the on-the-record plea discussions in this case was the length of defendant's prison sentence. As is typically the case, the amount of prison time was the crux of the bargain.
In addition to the prison term, however, other aspects of the plea also were discussed. The mandatory restitution fund fine was among them. That discussion took place prior to the entry of defendant's plea. In addition, we note, the court won defendant's acknowledgement that he understood each of the consequences that were discussed, including the prison term and the restitution fine. The fine thus was within "defendant's contemplation and knowledge" when he entered *882 his plea. (People v. Panizzon, supra, 13 Cal.4th at p. 86, 51 Cal.Rptr.2d 851, 913 P.2d 1061.)
The fact that the precise amount of the fine was not specified prior to the entry of defendant's plea does not change the analysis. To the contrary, it represents defendant's implicit recognition that the amount of the fine will be left to the sentencing court's discretion.[2]
To summarize, we have analyzed defendant's understanding that his plea would result in a restitution fine, as disclosed by the pre-plea timing of the advisement and by defendant's acknowledgement that the fine would be imposed. (See People v. Nguyen, supra, 13 Cal.App.4th at p. 120, 16 Cal.Rptr.2d 490.) That analysis leads us inevitably to the conclusion that the restitution fine was within "defendant's contemplation and knowledge" when he entered his plea. (People v. Panizzon, supra, 13 Cal.4th at p. 86, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) It was not "a matter left open or unaddressed" in the course of taking the plea. (Id. at pp. 85-86, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) For that reason, its imposition does not constitute a violation of the plea bargain.
In reaching that conclusion, we do no violence to People v. Walker. Two years after that seminal case was decided, it was revisited and explained by our state's high court in two companion cases, Moser and McClellan. (In re Moser, supra, 6 Cal.4th at p. 356, 24 Cal.Rptr.2d 723, 862 P.2d 723; People v. McClellan, supra, 6 Cal.4th at p. 375, 24 Cal.Rptr.2d 739, 862 P.2d 739.) In both cases, the court summarized the salient facts of its prior decision as follows: "In Walker, the offense to which the defendant had agreed to plead guilty carried a potential seven-year sentence and a $10,000 punitive fine, but under the negotiated plea agreement the defendant was to receive a five-year term of imprisonment and no punitive fine. At the subsequent sentencing hearing, the trial court imposed the agreed-upon five-year sentence but also a substantial ($5,000) restitution fine." (In re Moser, supra, 6 Cal.4th at p. 356, 24 Cal.Rptr.2d 723, 862 P.2d 723; People v. McClellan, supra, 6 Cal.4th at p. 375, 24 Cal.Rptr.2d 739, 862 P.2d 739.) The court then explained: "In concluding that the imposition of such a substantial fine constituted a violation of the plea agreement in Walker, we implicitly found that the defendant in that case reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed." (In re Moser, supra, 6 Cal.4th at p. 356, 24 Cal.Rptr.2d 723, 862 P.2d 723; People v. McClellan, supra, 6 Cal.4th at p. 375, 24 Cal.Rptr.2d 739, 862 P.2d 739.) In other words, these cases teach, Walker turned on the court's assessment of the defendant's reasonable understanding of the plea agreement, which in turn resulted from the lack of an advisement concerning the restitution fine.
Our analysis likewise does no violence to either McClellan or Moser. Both of those cases involved challenges to "a consummated plea agreement, based upon a trial court's error in advising the defendant of certain consequences of a plea of guilty." (People v. McClellan, supra, 6 Cal.4th at p. 375, 24 Cal.Rptr.2d 739, 862 P.2d 739.)
Like Walker, McClellan involved the trial court's failure to advise the defendant of a direct consequence of his pleathere, lifetime sex offender registration. (People v. McClellan, supra, 6 Cal.4th at p. 370, 24 Cal.Rptr.2d 739, 862 P.2d 739.) But "unlike the amount of a restitution fine," which was the consequence at issue in Walker, "sex offender registration is not a *883 permissible subject of plea agreement negotiation...." (McClellan, at p. 380, 862 P.2d 739.) And in refuting Justice Mosk's dissent in McClellan, the majority stated: "Because the registration requirement is statutorily mandated . . ., that requirement was an inherent incident of defendant's decision to plead guilty to that offense and was not added `after' the plea agreement was reached." (Ibid.) Thus, in McClellan, registration was an "inherent incident" of the plea, notwithstanding the trial court's erroneous failure to advise. Here, of course, there was no failure to advise.
In contrast to Walker and McClellan, which both concerned a failure to advise, Moser involved an erroneous advisement. (In re Moser, supra, 6 Cal.4th at p. 347, 24 Cal.Rptr.2d 723, 862 P.2d 723.) In Moser, the trial court had advised the defendant that he faced three or four years on parole, when in fact lifetime parole was statutorily mandated. Adhering to the framework it had set forth in Walker, the Supreme Court revisited the "distinction between a mere misadvisement with regard to the consequences of a guilty plea and a violation of a plea agreement," as illustrated by a comparison of two United States Supreme Court decisions, Timmreck and Santobello. (In re Moser, at p. 354, 24 Cal.Rptr.2d 723, 862 P.2d 723, citing United States v. Timmreck (1979) 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634, and Santobello v. New York (1971) 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.) The court stated: "The contrast between the Timmreck and Santobello decisions provides a useful guide in evaluating the proper characterization of the error that occurred in the present case. Based solely upon the record of the plea proceedings, it would appear that the indicated length of the parole term was not a part of the plea agreement, but simply constituted a misadvisement by the trial court." (In re Moser, supra, at pp. 355-356, 24 Cal. Rptr.2d 723, 862 P.2d 723.) The court rejected the defendant's reliance on its earlier case as resting "upon an erroneous, overbroad reading of Walker." (Id. at p. 356, 24 Cal.Rptr.2d 723, 862 P.2d 723.) Nevertheless, the court concluded, the defendant's "potential parole term may have been discussed during plea negotiations, and the prosecutor may have made promises or inducements regarding the term of parole." (Id. at p. 357, 24 Cal.Rptr.2d 723, 862 P.2d 723) The court therefore remanded on that question. (Id. at p. 358, 24 Cal.Rptr.2d 723, 862 P.2d 723.) Here, by contrast, the court made a complete and accurate advisement of the plea consequences, so there was no need for "evaluating the proper characterization of the error" since none "occurred in the present case." (Id. at pp. 355-356, 24 Cal. Rptr.2d 723, 862 P.2d 723.)
Returning to the case at hand, in which the trial court made no errors in its advisements, we conclude that defendant's argument "rests on an erroneous, overbroad reading of Walker." (In re Moser, supra, 6 Cal.4th at p. 356, 24 Cal.Rptr.2d 723, 862 P.2d 723.) In Walker, the court never advised defendant that he was subject to a mandatory restitution fine. Here, by contrast, before taking defendant's plea, the court specifically advised him that he faced a restitution fine of anywhere from $200 to $10,000. The presence or absence of the advisement is a pivotal distinction. Given the omitted advisement in Walker, the defendant there "reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed." (In re Moser, at p. 356, 24 Cal.Rptr.2d 723, 862 P.2d 723.) By contrast, given the complete and accurate advisement here, defendant could not have so understood the agreement. Thus, in this case, the restitution fine "cannot fairly be characterized as falling outside of defendant's contemplation and knowledge" when *884 he entered the plea. (People v. Panizzon, supra, 13 Cal.4th at p. 86, 51 Cal.Rptr.2d 851, 913 P.2d 1061.)
This is not a case where a judicial advisement concerning the restitution fine was omitted, as in Walker and McClellan. This is not a case where the advisement was in error, as in Moser. Rather, this is a case where a full and accurate advisement was both given by the court and acknowledged by the defendant prior to his plea, as in Panizzon. Because defendant understood that he would be subject to the restitution fund fine, the sentencing court did not violate the plea bargain in imposing it.

CONCLUSION
Prior to accepting defendant's negotiated plea, the court fully advised him of its consequences, including the mandatory restitution fine. Because the fine was within defendant's contemplation when he entered his plea, its imposition did not violate the plea agreement.

DISPOSITION
The judgment is affirmed.
I CONCUR: BAMATTRE-MANOUKIAN, Acting P.J.
MIHARA, J., dissenting.
I can find no meaningful basis for distinguishing the facts of the case before us from the facts in People v. Walker (1991) 54 Cal.3d 1013, 1 Cal.Rptr.2d 902, 819 P.2d 861, and I disagree with People v. Dickerson (2004) 122 Cal.App.4th 1374, 19 Cal. Rptr.3d 545. I am therefore compelled to conclude that the restitution fund fine imposed in this case violated the plea bargain and should be reduced to the statutory minimum.
My colleagues conclude that Walker is distinguishable because here the trial court advised defendant regarding the restitution fund fine, and, in Walker, "the court never disclosed [the fine] to the defendant prior to his plea." Thus, in their view, a restitution fund fine may be imposed without violating the plea bargain so long as the trial court "advises the defendant of the restitution fine prior to accepting his plea." They conclude that a fine does not violate a plea bargain if it was "within `defendant's contemplation and knowledge' when he entered his plea."
As much as I would like to avoid the result required by Walker, I cannot accept this misreading of the facts in Walker. In Walker, the plea agreement was that, in exchange for defendant's guilty plea to one of two counts, the remaining count would be dismissed and defendant would be sentenced to state prison for five years with credit for time served. Defendant waived his constitutional rights, and the court "orally explained to defendant that `the maximum penalties provided by law for this offense are either 3 years, 5 years, or 7 years in state prison and a fine of up to $10,000,' followed by a period of parole." (People v. Walker, 54 Cal.3d 1013, 1019, 1 Cal.Rptr.2d 902, 819 P.2d 861, italics added.) The probation report recommended imposition of a $7,000 restitution fine. The court sentenced Walker immediately after his plea to the agreed five-year prison term with credit for time served, and it "imposed a restitution fine of $5,000, although the plea agreement did not mention such a fine." (Id. at p. 1019, 1 Cal. Rptr.2d 902, 819 P.2d 861.)
It is simply erroneous to characterize Walker as a case in which the defendant was not advised prior to his plea that a substantial fine could be imposed. In Walker, as in the case before us, the defendant was advised prior to his plea that a fine of up to $10,000 could be imposed. In Walker, as in the case before us, the plea agreement did not mention a fine. In Walker, as in the case before us, the trial court imposed a fine consistent with the *885 advisement. Thus, in Walker, as in the case before us, it could be said, as my colleagues claim, that, due to the advisement, the imposition of a substantial fine was "within `defendant's contemplation and knowledge' when he entered his plea." The fact that Walker had been advised that a substantial fine could be imposed was not enough to persuade the California Supreme Court that the imposition of such a fine did not violate the plea bargain.
The similarities between the case before us and Walker are striking. And there is no significance to the fact that the fine in Walker was not explicitly identified as a restitution fund fine. Indeed my colleagues do not claim that there is. If all that was required was an advisement, there could never be a violation of the plea bargain unless there was also a failure to advise. Yet Walker explicitly contemplated that a violation of the plea bargain could occur even if there was no failure to advise or misadvisement.
The cases cited by my colleagues in support of their analysis do not undermine the holding in Walker. Each of these cases found that there was no violation of the plea bargain because the parole period (In re Moser (1993) 6 Cal.4th 342, 24 Cal. Rptr.2d 723, 862 P.2d 723) or the sex offender registration requirement (People v. McClellan (1993) 6 Cal.4th 367, 24 Cal. Rptr.2d 739, 862 P.2d 739) that was not mentioned as a term of the plea bargain was nevertheless statutorily mandated and could not properly be the subject of plea negotiations. In contrast, as Walker explicitly acknowledged, the level of a restitution fund fine over $200 is a proper subject for plea negotiations.
Accordingly, under the compulsion of Walker (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937), I would reduce the restitution fund fine to $200. Nevertheless, I urge the California Supreme Court to revisit this issue and clarify its holding in Walker so that this troublesome issue will cease to arise in the future.
NOTES
[*] Werdegar, J., dissented.
[1] Further unspecified statutory references are to the Penal Code
[2] This conclusion is consistent with this court's recent decision in People v. Dickerson (2004) 122 Cal.App.4th 1374, 19 Cal.Rptr.3d 545.