Filed 11/10/15  P. v. Byrd CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>KENNETH ANDREW BYRD,<br><br>        Defendant and Appellant. | F069939<br><br>(Super. Ct. Nos. 13CM0784, 13CM1513)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

-----

[*]        Before Levy, Acting P.J., Kane, J. and Poochigian, J.

-ooOoo-

## INTRODUCTION

In two Kings County Superior Court cases,[1] appellant Kenneth Andrew Byrd entered identical pleas of guilty to one count of driving under the influence of alcohol (DUI) (Veh. Code, § 23152, subd. (a)), admitted three prior DUI convictions, and admitted a prior strike allegation. Appellant was sentenced to an aggregate term of four years in state prison.

On appeal, he contends additional fees and fines were levied against him at sentencing which were not contemplated in the plea agreements. He argues all fees and fines beyond the $390 penal fine imposed in each case must be stricken. We find this argument unpersuasive. We affirm.

## BACKGROUND

Appellant's plea agreements appear on identical judicial council forms (PRU-101) titled "DUI Advisement of Rights, Waiver and Plea Form." The forms contain numerous paragraphs with various advisements regarding the nature of the charges, constitutional rights, the consequences of pleading guilty or no contest, the possible additional penalties for violating Vehicle Code section 23152, and the various sentences that can be imposed. Accompanying each paragraph is a box for the defendant to initial.

Paragraph 26 of the form reads as follows: "I understand that in addition to the fine, the Court will add assessments which will significantly increase the amount I must pay. I will also be ordered to make restitution and to pay a restitution fine of $120 to $1000 (or $240 to $10,000 if the offense is a felony), unless the Court finds compelling and extraordinary reasons not to do so."

---

[1] Case Nos. 13CM0784 and 13CM1513.

As part of the section discussing the consequences of entering a guilty or no contest plea, the form sets forth the various possible sentences for DUI convictions. For a fourth or subsequent DUI offense within 10 years, a fine of $390 to $1,000 is imposed.

On both of his change of plea forms, appellant's initials appear next to paragraph 26. At the change of plea hearing, appellant informed the trial court that he had read, initialed and signed the plea agreement forms. He indicated to the court he understood the rights and penalties in the forms, and had reviewed those with his attorney. Appellant said he had no questions for the court before he entered guilty pleas.

As part of the sentence, the court imposed restitution, and the following fines and assessments in both cases: (1) a $40 court operations fee; (2) a $30 court facilities fee; (3) a penal fine of $390, which included a state penalty assessment of $390 under Penal Code section 1464; (4) a $78 surcharge under Penal Code section 1465.7; (5) a $273 county penalty assessment under Government Code section 76000; (6) a court construction penalty fine of $195 under Government Code section 70372; (7) a DNA funding assessment of $39 under Government Code section 76104.6; (8) a DNA funding penal assessment of $156 under Government Code section 76104.7; (9) an alcohol program assessment of $100 under Vehicle Code section 23649; (10) an alcohol abuse prevention assessment of $50 under Vehicle Code section 23645; and (11) a $10 Department of Motor Vehicles notification assessment under Vehicle Code section 40508.6, subdivision (b).

## DISCUSSION

**The Additional Fees Should Not Be Stricken.**

Appellant contends the plea agreements stated he faced a fine between $390 and $1,000 for a fourth or subsequent DUI offense. He argues no additional fees or fines were included in the plea agreements or stated during the change of plea hearing. He asserts that all fees and fines beyond the $390 penal fine should be struck as violating the terms of the written plea agreements. He maintains that the term "fine" appearing in

paragraph 26 is in the singular and it is in a paragraph pertaining to restitution.  He contends a defendant reading this paragraph would not understand it applies to multiple unmentioned fines.

Respondent argues that appellant has waived this claim on appeal because he did not object at sentencing.  Moreover, respondent contends the plea agreements put appellant on notice that he faced additional assessments.  Finally, respondent asserts that a vast majority of the additional fines and assessments were mandatory so that the trial court was obligated to impose them or an unauthorized sentence would have resulted.

We need not resolve the parties' dispute regarding whether or not appellant has waived or forfeited this claim on appeal.  When we presume no waiver occurred, appellant's claim is unpersuasive on its merits.

Negotiated plea agreements are integral and beneficial to the criminal justice system because they promote speed, economy and finality of judgments.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 79-80.)  A plea agreement is a type of contract and it is interpreted through the principles of contract law.  (*People v. Segura* (2008) 44 Cal.4th 921, 930.)  Both the defendant and the state must abide by the terms of the agreement once it is accepted.  (*Id.* at pp. 930-931.)  Similar to reviewing a contract, an appellate court should examine the specific language of a plea agreement to determine the parties' express intent, and the parties' reasonable expectations should be carried out.  (*People v. Knox* (2004) 123 Cal.App.4th 1453, 1458.)

Here, paragraph 26 informed appellant that the court would add assessments[2] in addition to the fine.  It was stated that the additional assessments would significantly

---

[2]      "Assessment" means "[t]he act of assessing; appraisal.  2. An amount assessed, as for taxation."  (American Heritage Dict. (4th ed. 2006) p. 108.)  "Assess" means "1. To estimate the value of (property) for taxation.  2. To set or determine the amount of (a payment, such as a tax or fine).  3. To charge (a person or property) with a special payment, such as a tax or fine."  (*Ibid.*)

increase the amount appellant had to pay. A review of the specific language in the plea agreement establishes the parties' express intent that appellant was subject to additional assessments beyond the penal fine of $390 to $1,000. Accordingly, the terms of the plea agreements were not violated and the additional fees and fines will not be struck.

## DISPOSITION

The judgment is affirmed.

5.