Filed 2/4/25  P. v. Gordon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B333054 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA062155) |
| v. | |
| BRUCE KELCY GORDON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Bruce Kelcy Gordon appeals from a post-conviction order reducing his sentence pursuant to Penal Code section 1172.75.[1]  Despite being present and represented by appointed counsel at the hearing, defendant contends he did not knowingly and intelligently waive his right to full resentencing because he received no advisement on what would occur at a full resentencing proceeding.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.    Information, Plea, and Original Sentence**

An amended information filed October 14, 2014, charged defendant with 17 counts of human trafficking-related offenses. The information also alleged defendant suffered a prior conviction for making criminal threats, which constituted a prior serious or violent felony within the meaning of the Three Strikes law (§§ 667, subds. (b)-(j), 1170.12), a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)).

Pursuant to a negotiated agreement, defendant pled no contest to four charged offenses (§§ 245, subd. (a)(2) [count 7], 288, subd. (a) [count 9], 236.1, subd. (b) [count 13], 286, subd. (c)(2)(A) [count 21]).  Defendant admitted he suffered a prior conviction for a violent and serious felony (§§ 667.5, subd. (c), 1192.7, subd. (c)).  He also admitted a multiple-victim special allegation under the One Strike Law (§ 667.61) for engaging in lewd acts upon children under the age of 14 years (§ 288, subd. (a) [count 9]).  Defense counsel joined in the plea,

---

[1]     Subsequent unspecified references to statutes are to the Penal Code.

waivers, and admissions and stipulated to a factual basis based on the preliminary hearing transcripts and probation report.

Based on the court's oral admonitions and an executed plea form, defendant was apprised of the maximum exposure for all charged offenses (89 years plus two 30-years-to-life terms and two additional life sentences), the maximum exposure for the charges to which he pleaded (30 years plus 15 years to life), and the agreed-upon disposition (12 years plus 15 years to life). The court sentenced defendant to the agreed-upon disposition, and explained and ordered various fines, fees, and assessments.[2]

## B.    Resentencing Proceedings

In November 2022, the court received notification from the Secretary of the California Department of Corrections and Rehabilitation that defendant's sentence included an invalid one-year sentence imposed for a prior prison term (§ 667.5, subd. (b)), under the recent enactment of section 1172.75. The trial court calendared defendant's case for resentencing, appointed counsel, and ordered the parties to meet and confer. The court's order also provided: "If the parties do not waive the resentencing hearing, defense counsel is ordered to confer with the defendant, to determine if he wants to be present at the hearing . . . ."

---

[2]    Defendant was sentenced to 15 years to life plus a consecutive one-year term for the prior prison conviction on count 9 (§§ 667.61, subds. (b) & (e), 667.5, subd. (b)), plus additional and consecutive terms of one year (one-third the middle-term) on count 7 (§ 245, subd. (a)(2)); two years (one-third the middle-term) on count 21 (§ 286, subd. (c)(2)(A)); and eight years (the low-term) on count 13 (§ 236.1, subd. (b)). The court dismissed all remaining charges and enhancement allegations.

3

When calling the matter for a hearing on June 22, 2023, the court noted defendant's presence and asked if he was "requesting a full resentencing." Defendant's appointed counsel replied, "Yes," and stated he was "[j]ust asking to strike the one-year prior." The court addressed defendant: "Mr. Gordon, your counsel is indicating that he's not requesting a full [re]sentencing, and I do believe the defendant is entitled to strike the one-year prior[,] leaving [him] with a sentence of 11 years plus 15 to life." Defense counsel confirmed that was an accurate request.

The court continued: "[S]ir, you understand that you are entitled to have the court consider this for full resentencing. And after discussions with your attorney, is it your desire to go forward without a full resentencing?" Defendant replied, "Excuse me?" before stating he did not understand his right to a full resentencing hearing.

Appointed counsel interjected: "Your honor, I think my client is confused by the concept of a full resentencing versus striking the one-year prior. . . . [¶] . . . [¶] He and I discussed it where I believe it appropriate for the court at this time to strike the one-year prior and that is all that the court, in my opinion, would realistically end up doing were we to proceed any other way. So, I advised him to ask the court to strike the one-year prior and submit on that."

The court addressed defendant again: "All right. Mr. Gordon, did you understand that?" Defendant replied, "Yes," and affirmed his counsel had "discussed all [of his] options" before advising him on striking the one-year prior "and proceed that way."

The court struck the one-year prison prior and resentenced defendant to 11 years plus 15 years to life. Following imposition of sentence, defendant inquired, "What about restitution?" After noting no prior objection or modification request, the court found "no basis to do that at this time." The court denied defendant's request. Defendant timely appealed.

## DISCUSSION

### A. Governing Law

In 2021, the Legislature enacted former section 1171.1, now section 1172.75, to invalidate most sentence enhancements imposed for prior prison terms under section 667.5, subdivision (b). (Stats. 2021, ch. 728, see § 3; § 1172.75, subd. (a) [if imposed before January 1, 2020, such enhancements are "legally invalid" unless they were imposed for a sexually violent offense].) After verifying the current judgment includes an invalid sentence enhancement under section 667.5, subdivision (b), the court "shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The court's review and resentencing procedures are prescribed under subdivision (d) of section 1172.75. Two provisions in that subdivision are relevant here. Subdivision (d)(2) specifies that the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion . . . to promote uniformity of sentence." Subdivision (d)(3) provides the court "may consider postconviction factors, including, . . . the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical

5

condition, if any, have reduced the defendant's risk for future violence, . . . so that continued incarceration is no longer in the interest of justice." The statute further provides that "[t]he parties may waive a resentencing hearing." (§ 1172.75, subd. (e).)

## B.    Analysis

Defendant contends he did not knowingly and intelligently waive his right to a full resentencing hearing. He points to the court's failure to inform him of the scope of full resentencing in which new sentencing rules or ameliorative changes in the law could be applied or in which postconviction evidence could be presented.

Defendant has cited no authority, and we are aware of none, in which a defendant who is present, represented by counsel, and who previously discussed the prospect of full resentencing with counsel, is entitled to have the court advise him of the merits or scope of a resentencing proceeding before obtaining his waiver. (See *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 465 [defendant "failed to preserve [similar] claim for appeal" by citing no authority or raising objection below]; see also *People v. Giordano* (2007) 42 Cal.4th 644, 666 [reviewing courts presume the judgment or trial court order is correct and indulge "'"[a]ll intendments and presumptions . . . to support it on matters as to which the record is silent, and error must be affirmatively shown"'"].)

To the extent the "knowing and intelligent" waiver standard applies to section 1172.75 resentencing proceedings,[3] we

---

[3]    Defendant attempts to analogize his waiver of full resentencing to the waiver of rights preceding entry of a guilty plea. Before entry of a guilty or no contest plea, a defendant must be advised of the

6

further conclude the record reflects an adequate understanding and waiver of defendant's right. Criminal defendants can expressly waive various constitutional and statutory rights. (See Cal. Const., art. I, § 16; *People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*); *People v. Burgener* (2009) 46 Cal.4th 231, 241–242 (*Burgener*).) To be valid, the waiver must be "knowing and intelligent, that is, ""made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it,"" as well as voluntary ""in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.""" (*People v. Collins* (2001) 26 Cal.4th 297, 305.)

When determining the validity of a waiver, ""[n]o particular form of words is required in admonishing a defendant who seeks to waive [his rights]." [Citation.] Rather, "the test is whether the record as a whole demonstrates that the defendant understood the disadvantages of [his or her choice], including the risks and complexities of the particular case." [Citations.]'" (*Burgener*, *supra*, 46 Cal.4th at p. 241; accord, *Faretta v. California* (1975) 422 U.S. 806, 835–836.) The trial court need not assess the defendant's understanding of "'substantive law or the procedural details'" (*People v. Bush* (2017) 7 Cal.App.5th 457, 473–474), including "legal concepts such as the various burdens

_____

*constitutional* rights being waived (see *In re Tahl* (1969) 1 Cal.3d 122, 132 ["self-incrimination, confrontation, and jury trial"]), as well as the direct consequences of the plea. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 80; *People v. Lytle* (1992) 10 Cal.App.4th 1, 4.) This analogy is unavailing. When an agreed-upon sentence is later modified by a legislative act of lenity, the same constitutional rights are not implicated. (See *People v. Mitchell* (2022) 81 Cal.App.5th 575, 588–589.)

of proof, the rules of evidence, or the fact that the pursuit of one avenue of defense might foreclose another." (*People v. Riggs* (2008) 44 Cal.4th 248, 277; accord, *People v. Redmond* (1969) 71 Cal.2d 745, 758.)

We independently examine the record to determine whether defendant knowingly and intelligently waived his right to a full resentencing hearing. (*Burgener*, *supra*, 46 Cal.4th at p. 241; *People v. Doolin* (2009) 45 Cal.4th 390, 453.) Our review "'must be pragmatic,' and focused upon 'the status of the defendant's knowledge and understanding at the time of the purported waiver.'" (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 546.) As the appealing party, the defendant bears the burden of affirmatively demonstrating an invalid waiver. (*Id.* at p. 547.)

Here, defendant argues the court told him "nothing except that he was entitled to a 'full resentencing' without explaining what that meant." This argument is insufficient to establish an invalid waiver. "[I]t is clear that [the defendant's burden] is not satisfied by simply pointing out that certain advisements were not given." (*People v. Truman* (1992) 6 Cal.App.4th 1816, 1824 (*Truman*) [defendant argued "'there is nothing to indicate' that he had 'a sufficient understanding of the disadvantages of self-representation"].)

We agree with defendant the resentencing court did not specifically advise him of the procedures set forth in section 1172.75, subdivision (d). As discussed, however, defendant provides this court no legal basis on which to impose this type of advisement. After reviewing the record, we conclude defendant understood the nature of the right abandoned and the consequences of the decision to abandon it.

8

Defendant was represented by counsel at the time he personally entered his waiver to full resentencing.  "Like all lawyers, the court-appointed attorney is obligated to keep [his or her] client fully informed about the proceedings at hand, to advise the client of [their] rights, and to vigorously advocate on [their] behalf."  (*Conservatorship of John L.* (2010) 48 Cal.4th 131, 151–152; accord, *People v. Blackburn* (2015) 61 Cal.4th 1113, 1124 ["counsel is presumed to know the defendant's rights and is obligated to advise the defendant accordingly"].)  "Absent a contrary indication, the trial court and, on appeal, the reviewing court may presume that a represented defendant has consulted with counsel" on the defendant's rights and the effect of waiving them.  (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 373; accord, *People v. Robertson* (1989) 48 Cal.3d 18, 36 [same].)

Defendant waived a full resentencing hearing with approval from appointed counsel.  He entered his waiver after discussing the matter with his counsel, who addressed the likelihood of what "the court, . . . would realistically end up doing were we to proceed *any other way*."  (Italics added.)  Defendant affirmed his "[c]ounsel discussed *all* [his] options" with him.  (Italics added.)  Although the court did not provide specific advisements on the legal concepts involved at a full resentencing hearing, which "may be useful to help a defendant understand 'just what he is getting himself into'" (*People v. Daniels* (2017) 3 Cal.5th 961, 979), his own affirmations and those of appointed counsel sufficiently demonstrate defendant's understanding of the nature of the statutory right and the consequences of waiving it.  (Accord, *People v. Magana* (2022) 76 Cal.App.5th 310, 319;

*People v. Washington* (2021) 72 Cal.App.5th 453, 470.)[4]  We thus conclude defendant entered an effective waiver of a full resentencing proceeding.

Assuming the trial court erred in failing to ensure a knowing and intelligent waiver to full resentencing, the Attorney General argues the error was harmless.  We agree with the Attorney General and reject defendant's suggestion the error was structural or subject to *Chapman v. California* (1967) 386 U.S. 18.[5]

Any error in advising a criminal defendant of a statutory or judicially created right is not reversible "unless there is a reasonable probability that the defendant was prejudiced as a result of the error."  (*People v. Crayton* (2002) 28 Cal.4th 346, 364; *People v. McClellan* (1993) 6 Cal.4th 367, 378 (*McClellan*); *People v. McMillion* (1992) 2 Cal.App.4th 1363, 1370.)

Defendant argues the error was prejudicial because no evidence established he "would necessarily have waived a resentencing hearing if he had understood his rights therein."  He avers "he could have argued" for running his sentences concurrently.  Again, this is insufficient to establish prejudice.  (See *McClellan, supra*, 6 Cal.4th at p. 378 [absent an indication in the record, defendant's "but for the trial court's omission"

---

[4]  *United States v. Correa-Torres* (1st Cir. 2003) 326 F.3d 18, on which defendant relies, is inapposite.  (See *id.* at pp. 20–21 24 [appointed counsel entered waiver of rights to probation revocation hearing "based on his (counsel's) conversations with the appellant's girlfriend" and show-cause order and notice of procedural rights written in English, without a Spanish translation].)

[5]  As before, defendant analogizes his waiver of full resentencing with entry of a guilty plea.

argument is insufficient "to meet his burden of establishing prejudice"].)

Despite requesting modification to restitution, defendant did not request any modification to his term of imprisonment. And "since no such motion was made, there was nothing for defendant to contribute." (*People v. Santos* (2024) 100 Cal.App.5th 666, 678, rev. granted May 29, 2024, S284341.)

Were defendant to make a request to reduce his sentence, he fails to establish the relative merits of prevailing on it. Defendant faced a term of imprisonment far above his negotiated plea, which led to the dismissal of over 10 additional counts. Defendant has not addressed the sentencing rules or changes in law that would reduce his sentence (§ 1172.75, subd. (d)(2)), or any postconviction factor(s) bearing on his reduced risk of future violence (§ 1172.75, subd. (d)(3). On these facts, we conclude any error in accepting defendant's waiver was harmless.

## DISPOSITION

The post-conviction order is affirmed.


MORI, J.

We concur:


COLLINS, Acting P. J.


ZUKIN, J.