Filed 7/15/25  P. v. Banville CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEAH BANVILLE,<br><br>    Defendant and Appellant. | 2d Crim. No. B336545<br>(Super. Ct. Nos. 2018032988,<br>2019008870, 2020010930.)<br>(Ventura County) |

Leah Banville appeals a judgment entered following her guilty plea to two felony counts of possession for sale of methamphetamine, one felony count of sale of methamphetamine, and one misdemeanor count of resisting a peace officer.  (Health & Saf. Code, §§ 11378, 11379[1]; Pen. Code, § 148, subd. (a).)  Banville claims that the trial court violated her constitutional right to due process of law by imposing two mandatory drug-related fees for each felony count because she

---

[1] All statutory references are to the Health and Safety Code unless stated otherwise.

was not advised and did not expressly agree to the fees as part of her plea agreement. We reject this contention and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

In three separate prosecutions in 2019 and 2020, the prosecutor charged Banville with felony possession for sale of a controlled substance (methamphetamine), among other charges. On December 26, 2023, Banville entered into a negotiated plea in the three prosecutions. She pleaded guilty to two possession for sale counts, one sale count, and a misdemeanor count of resisting a peace officer. On January 26, 2024, the trial court sentenced Banville to an aggregate term and a hybrid sentence of three years four months. The court awarded Banville 797 days of presentence custody credit, discharged her from custody for time served, and dismissed the remaining counts.

The sentencing minute orders as well as the abstract of judgment include imposition of a mandatory $50 criminal laboratory analysis fee for each felony count and a mandatory $150 drug program fee for each felony count ($600 total). (§§ 11372.5, 11372.7.) Neither the written felony disposition statement nor the plea colloquy included express advice of the fees or Banville's agreement to their imposition.

At sentencing, the trial court referred to the probation report and stated: "Each of the terms listed in the [probation] report with respect to the felony jail commitment and the mandatory supervision shall be imposed." The report recommended that Banville "shall pay" the drug lab fees and drug program fees for each of the three enumerated cases. The section of the report titled "Terms and Conditions of Mandatory Supervision" stated in term No. 16: "The Court finds that the

2

defendant has the ability to pay and orders the defendant to pay all costs, fines and fees, and restitution."

During sentencing, the trial court inquired of each counsel if everything on the matters was handled and each counsel answered in the affirmative. No objection was made to imposition of fees.

On February 23, 2024, Banville orally moved to withdraw her plea. The trial court denied her motion and also her later request for a certificate of probable cause.

Banville appeals and contends that the trial court erred by not specifically advising her of the drug-related fees during the plea colloquy or sentencing, or obtaining her agreement to their imposition. She asserts that the fees must be struck or she must be allowed to withdraw her plea.

*DISCUSSION*

Banville points out that Penal Code section 1192.5, subdivision (b) provides that once a defendant's plea "is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea." Banville asserts that the trial court imposed a more severe punishment than negotiated in the plea agreement. (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1122 [although labeled as "fees," the drug-related fees of Health and Safety Code sections 11372.5 and 11372.7 are "punishment"]; *People v. Lytle* (1992) 10 Cal.App.4th 1, 4 [a valid plea requires a record demonstrating that defendant understood the nature of the charges and the possible range of punishment].)

3

A criminal defendant has a constitutional due process right to the implementation of a plea agreement according to its terms. (*People v. Knox* (2004) 123 Cal.App.4th 1453, 1459.) An aspect of the sentence, however, that is insignificant relative to the whole, may be imposed although it was not part of the plea negotiations. It is not a violation of a plea agreement if a statutorily mandated consequence of a guilty plea is not specifically embodied within the terms of the agreement. (*People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1383.)

We reject Banville's argument because the trial court did advise her of the imposition of the drug-related fees when it referred to the probation report and ordered imposition of each of the terms stated therein. The court referred to the contents of the probation report several times during sentencing and pointed out that the report may have mistakenly calculated credits or restitution.

In any event, Banville has forfeited this issue on appeal because she did not object during sentencing to imposition of the terms and conditions stated in the probation report, including the drug-related fees. (*People v. Keene* (2019) 43 Cal.App.5th 861, 863-864 [failure to raise issue of fines and fees at sentencing forfeits issue on appeal].) The lack of objection suggests that the minimal drug-related fees were of little importance to Banville. (*People v. Lytle*, *supra*, 10 Cal.App.4th 1, 5-6 [failure to advise defendant of a mandatory $100 restitution fine insufficiently significant to warrant reversal on ground of violation of plea agreement].) Moreover, she expressly acknowledged in her written plea agreement that she was subject to a minimum $300

4

restitution fine or a discretionary $10,000 restitution fine.[2]  Had the recommendation that Banville be ordered to pay drug-related fees come as a genuine surprise, it would have been a simple matter to bring the issue to the attention of the trial court.

*DISPOSITION*

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

---

[2] The restitution fine set forth in Penal Code section 1202.4 does not apply to Banville's drug crimes.  The trial court acknowledged this error in the probation report.

David M. Hirsch, Judge

Superior Court County of Ventura

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Deepti Vaadyala, Deputy Attorneys General, for Plaintiff and Respondent.