Filed 11/10/14  P. v. Wilson CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN WILSON,<br><br>    Defendant and Appellant. | B251789<br><br>(Los Angeles County<br>Super. Ct. No. KA099473) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tia Fisher, Judge.  Sentence vacated and remanded with directions.

Johnathan Wilson, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jonathan Wilson appeals from the judgment entered following his conviction after a negotiated plea agreement, contending the trial court erred in sentencing him to a prison term substantially longer than provided by the plea agreement. We vacate the sentence and remand for resentencing.

## PROCEDURAL BACKGROUND

Wilson was charged in a felony complaint with two counts of possession of contraband in jail (Pen. Code, § 4573.6, subd. (a))[1] with a special allegation he had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served one separate prison term for a felony (§ 667.5, subd. (b)). On December 18, 2012 Wilson entered a plea of guilty to one count of possession of contraband in jail and admitted the prior strike allegation. Pursuant to a negotiated agreement, in return for his plea Wilson received a 16-month state prison sentence, consisting of one-third the two-year middle term doubled under the three strikes law, to be served consecutively to the sentence it was believed Wilson was then serving in a San Bernardino County Superior Court case. Under the agreement Wilson received no presentence custody credit. The remaining count and special allegation were dismissed pursuant to the plea agreement.

On July 19, 2013 the trial court learned the agreed-upon sentence was unauthorized because Wilson had been released on parole on December 14, 2012 in the San Bernardino County case.[2] In addition, the sentencing triad for possession of contraband in jail was two, three or four years, not 16 months, two or three years.

At the resentencing hearing on September 11, 2013 Wilson declined the trial court's offer to withdraw his plea and objected to being resentenced to a different, longer prison term. Wilson suggested the court dismiss his prior strike conviction and sentence him to a term substantially similar to the one initially imposed. The court heard and

---

[1]     Statutory references are to the Penal Code.

[2]     Because Wilson was in local custody awaiting his plea hearing on December 14, 2012, he, his counsel, the prosecutor and the court were apparently unaware Wilson had already been paroled on the San Bernardino County case.

2

denied Wilson's motion to dismiss the prior strike conviction (*People v. Superior Court (Romero)* 13 Cal.4th 497; § 1385); sentenced him to an aggregate state prison term of four years, double the lower term of two years; and awarded him a total of 544 days of presentence custody credit. The net effect of Wilson's resentencing was a term 14 months longer than specified in the negotiated plea agreement.

Wilson filed a timely notice of appeal, challenging his sentence or other matters occurring after the plea. Although Wilson's appellate counsel submitted a brief in which no issue was raised pursuant to *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende* (1979) 25 Cal.3d 436, 441, we requested supplemental briefing on whether it was error, in light of Wilson's decision not to withdraw his plea, for the trial court not to have structured Wilson's sentence so as to avoid a punishment significantly greater than the sentence to which all parties and the court had initially agreed.

## DISCUSSION

A plea agreement is in the nature of a contract and subject to the same rules of construction as other contracts. (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1360 ["[p]lea bargains are generally governed by a specialized form of the law of contracts"].) Negotiated pleas have a constitutional dimension in addition to contractual qualities: A criminal defendant's due process rights are implicated when a plea agreement is not implemented according to its terms, and the defendant is entitled to some remedy. (*People v. Knox* (2004) 123 Cal.App.4th 1453, 1459.) If a negotiated plea is accepted by the prosecuting attorney and approved by the trial court, the defendant cannot be sentenced on the plea to a harsher punishment than that specified in the plea agreement. (§ 1192.5; *People v. Masloski* (2001) 25 Cal.4th 1212, 1217.) To be sure, statutory and due process concerns are not "offended by minor deviations from the bargain; to warrant relief, the variance must be "'significant" in the context of the plea bargain as a whole.'" (*Kim*, at p. 1359; see also *People v. Brown* (2007) 147 Cal.App.4th 1213, 1221-1222.) When, after a negotiated plea agreement, a trial court imposes punishment significantly exceeding that to which the parties agreed, relief from this unauthorized sentence "may take any of three forms: a remand to provide the defendant the neglected opportunity to

withdraw the plea; 'specific performance' of the agreement as made [citation]; or 'substantial specific performance,' meaning entry of a judgment that, while deviating somewhat from the parties' agreement, does not impose a 'punishment significantly greater than that bargained for.'" (*Kim*, at p. 1362.)[3]

Here, Wilson declined to withdraw his plea, which was his right. And the 16-month sentence to which the parties had agreed could not be specifically enforced in the precise manner originally contemplated. Nonetheless, the parties agree Wilson's sentence can be structured to enable him to receive a sentence consistent with substantial specific performance of the plea agreement: Dismissal of the prior strike conviction and imposition of the middle term of three years with 544 days of presentence custody credit or, alternatively, imposition of the lower term of two years with an agreed-upon reduction of presentence custody credit to a total of 240 days. In light of Wilson's decision not to withdraw his plea and to enforce the negotiated agreement to the extent possible, it was the trial court's responsibility to resentence him in one of those two ways. (See *People v. Kim, supra,* 193 Cal.App.4th at p. 1362.)

## DISPOSITION

The sentence imposed is vacated, and the matter remanded for resentencing consistent with this opinion. In all other respects the judgment is affirmed.


                                         PERLUSS, P. J.

We concur:


WOODS, J.                           SEGAL, J.[*]

---

[3] Notwithstanding a defendant's failure to object in the trial court, an unauthorized sentence may be reviewed on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Smith* (2001) 24 Cal.4th 849, 852-853.)

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.