Filed 8/26/20  P. v. Pena CA4/2
Opinion following transfer from Supreme Court
*See concurring and dissenting opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY PENA,<br><br>Defendant and Appellant. | E064692<br><br>(Super.Ct.Nos. RIF1400988, RIF1401736 & SWF1500028)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Reversed and remanded with directions.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler and Lance Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier, Elizabeth M. Kuchar, Genevieve R.

1

Herbert, Randall D. Einhorn and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Larry Pena pleaded guilty to several charges in four separate cases, including two counts of unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)), one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and three counts of grand theft (Pen. Code, § 487, subd. (a)).[1] The initial plea agreements in two of the cases (Super. Ct. Nos. RIF1401736 & SWF1500028)[2] were modified by the parties at sentencing.

Defendant's pleas were entered on November 20, 2014, and he was sentenced on September 21, 2015, after Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18.), took effect. In our previous nonpublished opinion, we denied remand for resentencing, pursuant to Proposition 47, on his Vehicle Code section 10851 convictions. (*People v. Pena* (July 12, 2017, E064692 [nonpub. opn.], review granted Sept. 27, 2017, S243869.) Thereafter, the California Supreme Court granted review but deferred further action pending consideration and disposition of a related issue in *People v. Lara* (July 19, 2017, E065029) (nonpub. opn.), review granted September 27, 2017, S243975.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Hereafter only the case numbers will be noted, all being in the Superior Court of Riverside County.

After issuing its opinion in *People v. Lara* (2019) 6 Cal.5th 1128 (*Lara*), our Supreme Court transferred this matter to this court for reconsideration in light of *Lara*, which holds: "Defendants who had not yet been sentenced as of Proposition 47's effective date are entitled to initial sentencing under Proposition 47's amended penalty provisions, without regard to the resentencing procedures applicable to those who were already serving their sentences." (*Lara*, at p. 1131.) We vacated our original decision, and the parties have filed supplemental briefs. After reconsidering the cause, we conclude the matter must be reversed and remanded to determine defendant's eligibility for resentencing, pursuant to Proposition 47, on his two counts of unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)). If the court concludes defendant is eligible for resentencing, its decision may have consequences to the plea agreement. If the court concludes defendant is ineligible for resentencing, the judgment should be reinstated.

## I. PROCEDURAL BACKGROUND AND FACTS

### A. *Defendant's Cases.*

RIF1400988 —As a result of his actions on January 12, 2014, on November 20, 2014, defendant pleaded guilty to felony unlawful taking or driving of a vehicle. (Veh. Code, § 10851, subd. (a).) The agreed-upon sentence was 16 months in county jail, to be served concurrently with RIF1401736.

RIF1401736—As a result of his actions on November 23, 2013, on November 20, 2014, defendant pleaded guilty to felony unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)) and admitted he had suffered two prior felony convictions (Pen.

3

Code, § 667.5, subd. (b)).  The agreed-upon sentence was two years split (1 year in county jail & 1 year postrelease mandatory supervision), to be served concurrently with his other cases.

RIF1404849—As a result of his actions on September 11, 2014, on November 20, 2014, defendant pleaded guilty to possession of a controlled substance.  (Health & Saf. Code, § 11377, subd. (a).)  The agreed-upon sentence was 180 days in county jail, to be served concurrently with RIF1400988.[3]

SWF1500028—On February 6, 2015, defendant was charged with eight counts of grand theft (§ 487, subd. (a)), and it was alleged he had suffered a prior felony conviction (§ 667.5, subd. (b)).  On September 21, 2015, the same day set for sentencing in all of defendant's other cases, he initially pleaded guilty to *six* counts of grand theft and admitted he had suffered a prior felony conviction.  Subsequently, the plea agreement was orally modified and defendant pleaded guilty to *three* counts of grand theft, the trial court dismissed the remaining five counts, and defendant received an agreed-upon split sentence (1 year in county jail & 2 years of postrelease mandatory supervision), pursuant to section 1170, subdivision (h), to be served consecutively to his sentences in RIF1400988 and RIF1401736.

---

[3] On November 6, 2015, this court, on its own motion, transferred the appeal in RIF1404849 to the Riverside County Superior Court appellate division.

*B.      Sentencing.*

On September 21, 2015, defendant was sentenced in accordance with his plea agreements in RIF1400988 (16 months in county jail concurrent with his other cases) and RIF1404849 (180 days in county jail concurrent to his other cases).

In RIF1401736, the People informed the trial court they were changing the agreed-upon sentence to two years in custody, instead of one year in county jail and one year postrelease mandatory supervision.  Neither defendant nor his counsel objected to the change.  However, the written plea agreement was never modified to reflect the change.

In SWF1500028, as stated *ante*, defendant pleaded guilty to three counts of grand theft (§ 487, subd. (a)) and admitted he had suffered a prior felony conviction (§ 667.5, subd. (b)).  He was sentenced to the agreed-upon split term of one year in county jail and two years of postrelease mandatory supervision to be served consecutive to RIF1400988 & RIF1401736, and the court dismissed the remaining five counts.

Defendant's pleas and sentencing occurred after November 5, 2014, the date when Proposition 47 took effect, but prior to our Supreme Court's decisions in *Lara* and *People v. Page* (2017) 3 Cal.5th 1175, 1179 (*Page*).[4]

---

[4] Pursuant to *Page*, Proposition 47 applies to violations of Vehicle Code section 10851, subdivision (a), that are based on the theft of a vehicle valued at less than $950.  Since Proposition 47 was in effect at the time defendant pleaded guilty and was sentenced, its ameliorative provisions apply.  (*Lara*, *supra*, 6 Cal.5th at p. 1131.)

5

## II.  DISCUSSION

*A.      The Sentence Imposed in RIF1401736 Did Not Violate Defendant's Due Process Rights Because He Consented to a Modification of the Plea Agreement at the Sentencing Hearing.*

Defendant contends his due process rights were violated, and the terms of his plea agreement in RIF1401736 were breached, when the trial court sentenced him to two years in custody instead of a split sentence of one year in county jail and one year of postrelease mandatory supervision.  We disagree.

*1.      Further background facts.*

On September 21, 2015, defendant was sentenced in all four cases.  When the trial court began to sentence defendant in RIF1401736, the following exchange occurred:

"[THE COURT:]  And the next one, RIF1401736.  And so this one, you pled.  It's a [Vehicle Code section] 10851, and you admitted two prison priors.  On this one we are going to give you the midterm of two years.  And a —

"[PROSECUTOR]:  Your Honor, we're making a change.  Where it originally said one in and one out, we are going to do two years all in.

"THE COURT:  So I am going to strike the prison priors, because it says 'stay' them, but he already admitted it on the other one; right?

"[PROSECUTOR]:  Yes.

"THE COURT:  Okay.  So on the [Vehicle Code section] 10851, you already pled to the prison priors, on motion of the People, I'm going to give you the midterm of . . .

6

two years.  This is all in and concurrent with the other case."  There was no objection from defendant."

Turning to SWF1500028, the trial court asked if defendant would be receiving the "upper term of three years" on one count, with concurrent sentences on the other counts.  The prosecutor replied that defendant would be receiving "one third the midterm running consecutive."  When the court noted the sentence would be 48 months (8 months [1/3 of 2 years] times 6 counts), the People informed the court they had agreed to two years.  The court then suggested it give defendant the upper term of three years (1 year in county jail & 2 years of postrelease mandatory supervision), run the other five counts concurrently, and strike the prior.  The prosecutor replied, "I'm sorry, your Honor.  There is a problem with—legally with doing that because the one year in would then become concurrent not consecutive."  The prosecutor noted the parties needed more time because there would be a modification.  The following exchange occurred:

"THE COURT:  Okay.  What are you worried about?  I'm not quite clear.

"[DEFENSE COUNSEL]:  We're trying to get three in, two out total.  We are trying to run the one year consecutive to the two he's doing in on the RIF cases.  In the one that he already pled to ending 736, we just want to do one year consec[utive] to those two years.

"THE COURT:  Okay.  Since there is plenty of material here to work with, the easiest way is to do it all on the case we're doing right now, and then make everything else concurrent.  What's your total goal, in terms of custody?

"[DEFENSE COUNSEL]:  Three in, two out.

7

"THE COURT: So you're looking for five years total. Three in, two out. I'm pretty sure we can do that pretty easily here with the one [SWF]1500028, making everything concurrent, whether it's in custody time or [postrelease] mandatory supervision time. But if you guys need a little bit more time to talk about it, no problem."

After a brief recess, defendant was sentenced in SWF1500028 to a total term of three years (1 year in county jail & 2 years of postrelease mandatory supervision), to run consecutive to RIF1400988 & RIF1401736. When the trial court inquired into how much total time defendant would be serving in custody, defense counsel replied, "Three years." In reaching a total sentence (on all four cases), it appears that both sides agreed the sentence would be a split sentence pursuant to section 1170, subdivision (h), of three years in county jail, and two years of postrelease mandatory supervision. It further appears that this was accomplished by modifying the sentence in RIF1401736 to two years in custody. Otherwise, it is questionable whether defendant would have received such a favorable sentence in SWF1500028 given his potential exposure, i.e., he pleaded guilty to three counts of grand theft (§ 487, subd. (a)) and admitted a prison prior (§ 667.5, subd. (b)).

>   2.    *Applicable law.*

It is well known that negotiated plea agreements are an "'accepted and integral part of our criminal justice system.'" (*People v. Panizzon* (1996) 13 Cal.4th 68, 79-80 (*Panizzon*).) Both parties must abide by their terms (*People v. Segura* (2008) 44 Cal.4th 921, 930-931), and both parties must consent to a modification of any material terms. (*People v. Martin* (2010) 51 Cal.4th 75, 80-81.) Due process applies both to the

8

procedure of accepting the plea and to implementation of the bargain itself. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (*Santobello v. New York* (1971) 404 U.S. 257, 262.) This does not mean that any violation of the agreement is constitutionally impermissible. To violate due process, "the variance must be 'significant' in the context of the plea bargain as a whole to violate the defendant's rights." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024, overruled on other grounds by *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

In analyzing whether there was a breach of a plea agreement, we must first determine the specific terms of the agreement. (*People v. Knox* (2004) 123 Cal.App.4th 1453, 1459.) In interpreting a plea agreement, we apply the de novo standard of review. (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co*. (2003) 107 Cal.App.4th 516, 520; *People v. Toscano* (2004) 124 Cal.App.4th 340, 344 [plea agreements are interpreted in accordance with the rules of contract].)

*3. Analysis.*

According to defendant, his plea agreement in RIF1401736 was breached when the trial court sentenced him to two years in custody instead of the split sentence (1 year in county jail & 1 year of postrelease mandatory supervision), which was stated in the plea agreement. There is evidence, however, that the written plea agreement does not reflect the final agreement of the parties. In the plea agreement itself, defendant initialed the sentence, "All the promises made to me are written on this form, or stated in open court." The transcript of the sentencing hearing makes it apparent that both parties

9

intended to modify the original term of a split sentence in RIF1401736: the prosecutor's statement that "we're making a change," the absence of an objection by defendant or defense counsel, and the parties' subsequent reference to the new sentence.

Also, during the same sentencing hearing, the parties modified two other plea agreements, one in RIM1409247 and SWF1500028, however, defendant does not challenge those modifications. Moreover, the record shows that the modification of the split sentence in RIF1401736 was the result of the agreement reached in SWF1500028 (defendant pleaded guilty to 3 grand theft counts and admitted a prison prior), the case in which defendant received an extremely lenient sentence when compared to his exposure. The parties had a specific total term in mind (5 years—3 years in county jail & 2 years postrelease mandatory supervision) at the time defendant entered his plea in SWF1500028 and was sentenced in all of his cases. Because defendant was sentenced in accordance with that specific term, we conclude there was no breach of any material term of his plea agreement in RIF1401736, and his due process rights were not violated.

B.     *The Matter is Remanded to Determine Defendant's Eligibility for Resentencing Pursuant to Proposition 47.*

Defendant contends he is entitled to have his sentence recalled under Proposition 47 because the record does not contain sufficient evidence to show his Vehicle Code section 10851 convictions in RIF1400988 (taking a 1994 Honda Prelude) and RIF1401736 (taking a 1997 Honda Civic) involved theft of property worth more than $950. In their initial response, the People argued defendant's Proposition 47 challenge should be dismissed because he waived his right to appeal in his plea agreement, he failed

10

to obtain a certificate of probable cause, and his guilty plea prevents him from challenging the sufficiency of the evidence.

On October 1, 2019, this court ordered supplemental briefing to address the following:  (1) does the waiver in the standard plea form encompass defendant's Proposition 47 issue; (2) was he required to obtain a certificate of probable cause (§ 1237.5) as a prerequisite to bring this appeal; and (3) does an affirmance of the judgment based on the failure to obtain a certificate of probable cause preclude him from seeking one now?

In further supplemental briefing, defendant contends (1) his plea waivers as to unknown future benefits are void as against public policy (Pen. Code, § 1016.8, subds. (a)(4) & (b)),[5] (2) he never waived his right to appeal, (3) he is challenging the classification of his Vehicle Code section 10851 offense as a felony, not his plea, and (4) he never admitted the value of the vehicle.  He argues that since he is not attacking the validity of his plea, he does not need a certificate of probable cause.  However, if one is necessary, he asserts his right to amend his initial request for such certificate, along with his notice of appeal because the failure to include the Proposition 47 issue was not

---

[5]  The Legislature added section 1016.8, effective January 1, 2020.  (Stats 2019, ch 586, § 1.)  Section 1016.8, in relevant part, provides:  "(a)  The Legislature finds and declares all of the following:  [¶] . . . [¶]  (4)  A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent.  [¶]  (b)  A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."

his fault.  The People concede that "under Penal Code section 1016.8, the appellate waivers can no longer be enforced to encompass Proposition 47 cases like *Page* and *Lara*, which were decided after [defendant's] pleas."  However, they maintain that defendant's claim must be dismissed because he failed to obtain a certificate of probable cause, his guilty plea prevents him from challenging the sufficiency of the evidence, and dismissing this appeal does not prevent him from attaining "Proposition 47 relief by filing an application to re-designate his felony [Vehicle Code] section 10851 convictions to misdemeanors."  Alternatively, the People assert that if we address the merits of defendant's challenge, the appropriate remedy is to remand the matter to the trial court to give the parties an opportunity to litigate the value of the stolen vehicles.

We conclude the matter must be remanded to determine defendant's eligibility for resentencing pursuant to Proposition 47.  However, if the court determines defendant is eligible for resentencing, its decision may have consequences to the plea agreement. (*People v. Stamps* (2020) 9 Cal.5th 685, 707-708 (*Stamps*).)

### 1.    *Further background facts.*

On November 20, 2014, two weeks after Proposition 47 took effect, defendant entered into negotiated[6] plea agreements in RIF1400988 and RIF1401736.  In both cases,

---

[6] In an open plea, "the defendant 'plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it.'" (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4.)  Although the trial court may indicate the sentence it will impose, there is no promise it will do so. (*People v. Clancey* (2013) 56 Cal.4th 562, 570.)  In a negotiated plea, the defendant pleads to specific charges and enhancements, and the court plays no part except to approve or disapprove the plea and to enter sentence thereon. (*People v. Segura* (2008) 44 Cal.4th 921, 931.)

he pleaded guilty to "*felony* auto theft, as set forth in" the complaint. (Italics added.) The prosecutor established the factual basis for the pleas by asking defendant whether he did, in fact, "steal" a 1994 Honda Prelude (RIF 1400988) and a 1997 Honda Civic (RIF1401736), to which he answered, "Yes." On the written plea forms, defendant initialed the appellate waiver, which states, "As part of this plea, I . . . do . . .waive any right to appeal that I may have,"[7] and placed his signature below a statement that read, "I have read and understand this entire document. *I waive and give up all of the rights that I have initialed.* I accept this Plea Agreement." (Italics added.)

After defendant was sentenced on September 21, 2015, in RIF1400988 and RIF1401736 he filed separate notices of appeal and requests for certificates of probable cause on the ground he was improperly awarded custody credits in both cases. The trial court denied both of his requests for certificates of probable cause. Defendant filed an amended notice of appeal from the trial court's decisions in RIF1400988 and RIF1401736. He checked two different boxes on his notice of appeal form, one that stated, "This appeal is based on the sentence or other matters that occurred after the plea and do not affect its validity," and another that stated, "This appeal challenges the validity of the plea . . . . See notices of appeal filed by defendant Oct. 19, 2015 in which he sets forth the basis for his request for a certificate of probable cause for each case, which the trial court denied."

---

[7] The appellate waiver provides: "As part of this plea, I (circle one) do/do not waive any right to appeal that I may have." Although he circled "do" in RIF1401736, he failed to circle either "do" or "do not" in RIF1400988. He also failed to circle either "do" or "do not" on his appellate waiver in one of his other cases.

On April 18, 2016, defendant filed a "Motion to Stay and Remand to the Superior Court Under Penal Code Section 1260" in this court, and he attached a Kelly Blue Book pricing report for a 1994 Honda Prelude and a 1997 Honda Civic showing each vehicle had a value of less than $950. On April 22, 2016, we denied the motion.

### 2. *Analysis.*

In general, a defendant may not challenge his or her sentence following a negotiated plea of guilty or no contest unless he or she first obtains a certificate of probable cause from the trial court. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 376-377, 379-380; *Panizzon*, *supra*, 13 Cal.4th at p. 79 ["a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself"].) However, our state Supreme Court recently held that no certificate is required when a defendant "is seeking retroactive application of a subsequently enacted ameliorative provision." (*Stamps*, *supra*, 9 Cal.5th at p. 696.)

In *Stamps*, the parties entered into a plea agreement that included a stipulated sentence of nine years, including the then-mandatory five years for the serious felony enhancement. (*Stamps*, *supra*, 9 Cal.5th at p. 693.) As part of the plea agreement, the district attorney dismissed all remaining counts and allegations. (*Ibid.*) The defendant was sentenced in January 2018. He appealed, but the trial court denied his request for a certificate of probable cause. (*Ibid.*) In September 2018, the Governor signed Senate Bill No. 1393 (2017-2018 Reg. Sess.) that, effective January 1, 2019, amended section 1385 to delete former subdivision (b) and gave trial courts the discretion to dismiss five-year sentence enhancements under section 667, subdivision (a). (See Legis. Counsel's

14

Dig., Sen. Bill No. 1393 (Stats. 2018, ch. 1013).) On appeal, the defendant claimed "that, in light of Senate Bill 1393, his case should be remanded to the trial court to exercise its discretion whether to strike the serious felony enhancement." (*Stamps*, at p. 693.) The Attorney General argued defendant's claim was "not cognizable because he failed to obtain a certificate of probable cause." (*Ibid*.) The Court of Appeal concluded a certificate was not required, and our state Supreme Court agreed. (*Id*. at pp. 693-694.)

The Supreme Court reviewed the case law discussing the need for a certificate of probable cause, noting the "cases teach that when the parties reach an agreement in the context of existing law, a claim that seeks to avoid a term of the agreement, as made, is an attack on the plea itself. They do not, however, address the nature of a challenge based, not upon existing law, but on a subsequent change in the law." (*Stamps*, *supra*, 9 Cal.5th at p. 695.) Since the defendant in *Stamps* was seeking "relief because the law subsequently changed to his potential benefit," the Supreme Court reasoned that he was not arguing that his plea was invalid when made, or attacking the plea itself, and therefore did not require a certificate of probable cause. (*Id*. at p. 698.)

Although this case involves Proposition 47, which is different from the legislative enactment (Senate Bill No. 1393) involved in *Stamps*, we conclude the holding in *Stamps* applies. To begin with, we acknowledge that Proposition 47 expressly sets forth the exact procedures for seeking and obtaining retroactive relief under its ameliorative provisions: the defendant must file a petition or application "before the trial court that entered the judgment of conviction," and if that court is unavailable, "the presiding judge shall designate another judge to rule on the petition or application." (Pen. Code,

15

§ 1170.18, subds. (a), (*l*), see *id*., subd. (f).)  However, defendant is not able to avail himself of this procedure because entry of his plea agreement, and sentencing thereon, occurred after Proposition 47 became effective.  (§ 1170.18, subd. (a) ["*A person who*, on November 5, 2014, *was serving a sentence for a conviction*, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense *may petition* for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."]  (Italics added.).)

Moreover, while the parties and the court were aware of Proposition 47 at the time of defendant's sentencing,[8] defendant was unable to benefit from its ameliorative provisions because the issue of whether the catchall petty theft provision in Penal Code section 490.2[9] covered violations of Vehicle Code section 10851 that were based on theft was unknown until our state Supreme Court issued its decision in *Page* on November 30,

---

[8]  Defendant received the benefits of Proposition 47 with regard to case No. RIF1404849, which charged him with felony possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).)  However, Proposition 47 was neither mentioned nor applied to defendant's Vehicle Code section 10851 convictions in case No. RIF1400988 (taking a 1994 Honda Prelude) and case No. RIF1401736 (taking a 1997 Honda Civic).

[9]  Section 490.2 provides in pertinent part:  "Notwithstanding Section 487 or any other provision of law defining grand theft, *obtaining any property by theft where the value* of the money, labor, real or personal property taken *does not exceed nine hundred fifty dollars ($950) shall be* considered petty theft and shall *be punished as a misdemeanor*, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."  (§ 490.2, subd. (a), italics added.)

16

2017. (*Page*, *supra*, 3 Cal.5th at pp. 1183-1184, 1187.) According to *Page*, under Proposition 47, vehicle theft may only be punished as a felony if the vehicle was worth more than $950. (*Page*, at p. 1187.) Furthermore, in *Lara*, our state Supreme Court held the ameliorative provisions of Proposition 47 apply directly in trial and sentencing proceedings held after the measure's effective date, without regard to the resentencing procedures applicable to those who were already serving their sentences. (*Lara*, *supra*, 6 Cal.5th at pp. 1131, 1133-1135.)

Because we conclude defendant's appeal did not require a certificate of probable cause, we remand the matter to allow defendant an opportunity to seek relief under Proposition 47. (*Stamps*, *supra*, 9 Cal.5th at pp. 700-709.) According to *Stamps*, remand is limited. If the court on remand denies relief under Proposition 47, that ends the matter and defendant's sentence stands. However, if the court grants relief, such a determination would have consequences to defendant's negotiated plea agreement. (*Stamps*, at p. 707.) As previously noted, defendant pled guilty to *two felony* violations of Vehicle Code section 10851 and, inter alia, *three counts of grand theft* (Pen. Code, § 487, subd. (a)) in exchange for a reduced sentence and the *dismissal of five counts of grand theft*. If the court determines defendant is entitled to Proposition 47 relief, then the prosecution may agree to modify the bargain to reflect that defendant suffered *two misdemeanor* violations of Vehicle Code section 10851. "Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .'" (*Stamps*, at p. 707.)

17

"Further, the court may withdraw its prior approval of the plea agreement. The court's authority to withdraw its approval of a plea agreement has been described as 'near-plenary.' [Citations.] The court's [grant of Proposition 47 relief to reduce a felony conviction to a misdemeanor], whether considered a new circumstance in the case or simply a reevaluation of the propriety of the bargain itself, would fall within the court's broad discretion to withdraw its prior approval of the plea agreement. Section 1192.5 contemplates that '[a] change of the court's mind is thus always a possibility.'" (*Stamps*, *supra*, 9 Cal.5th at p. 708.)

## III. DISPOSITION

The judgment is reversed, and the matter is remanded to the superior court to allow defendant an opportunity to seek relief under Proposition 47. If the court grants relief under Proposition 47, then either the prosecution may withdraw assent to the plea agreement or the court may withdraw its approval of the plea agreement. If the court concludes defendant is ineligible for resentencing, the judgment should be reinstated.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:


McKINSTER
J.

18

[*People v. Pena*, E064692]

Slough, J., Concurring and Dissenting.

I agree with the majority's holdings that Pena's appeal didn't require a certificate of probable cause and that we must reverse the judgment and remand to the trial court to allow him to seek relief under Proposition 47. However, I disagree with the remainder of the opinion, which addresses what the trial court and the prosecutor may do after the court has decided whether Pena is entitled to relief under Proposition 47. This issue isn't ripe and the opinion is advisory.

The majority say, "If the court on remand denies relief under Proposition 47, that ends the matter and defendant's sentence stands," but "[i]f the court determines defendant is entitled to Proposition 47 relief," the prosecution may agree to modify the bargain or decline to modify it and withdraw from the plea agreement. (Maj. opn., *ante*, at p. 17.) I'm not sure why they think it's appropriate to include these ruminations in the opinion and the disposition. Their own presentation of the issue demonstrates it hasn't arisen and may not arise. (See *Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170 ["judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy"].)

Moreover, it's not clear to me their view of what's permissible is consistent with the Supreme Court's decision in *Harris v. Superior Court* (2016) 1 Cal.5th 984, 991. In that case the Supreme Court was faced with deciding "whether the result of [*People v.*]

1

*Collins* [(1978)] 21 Cal.3d 208 (allowing a party to rescind a plea agreement when a subsequent change in the law deprives it of the benefit of its bargain), or the rule of *Doe v. Harris* [(2013)] 57 Cal.4th 64 (later changes in the law can affect a plea agreement)" applies in the Proposition 47 context. (*Harris v. Superior Court*, at p. 991.) As the Supreme Court explained, "entering into a plea agreement does not insulate the parties 'from changes in the law that *the Legislature* [or the electorate] *has intended to apply to them.*'" (*Ibid.*) They concluded that, in passing Proposition 47, the electorate had changed the law in a way that bound "the People to a unilateral change in a sentence without affording them the option to rescind the plea agreement." (*Harris v. Superior Court*, at p. 992.)

The issue in this case is not straightforward, however, because Pena pled guilty to a felony violation of Vehicle Code section 10851 *after* Proposition 47 went into effect. It took the Supreme Court's much later clarification of the statute in *People v. Page* (2017) 3 Cal.5th 1175, 1179 to make clear Proposition 47 applies to some violations of Vehicle Code section 10851.

The majority are reaching out to decide a complex issue that may never arise and are doing so without the benefit of briefing by the parties. I would leave the issue for the trial court to resolve—when and if it arises—with the benefit of the input of the parties.

SLOUGH      
J.

2