Filed 3/3/25  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C099276 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF16-02075, CRF17-00073-01, CRF17-00525, CRF17-00911, CRF17-00927) |
| v. | |
| RAYMOND FRANCISCO HERNANDEZ, | |
| Defendant and Appellant. | |

Defendant Raymond Francisco Hernandez appeals from the trial court's August 2023 resentencing of him under Penal Code section 1172.75 (statutory section citations that follow are to the Penal Code unless otherwise stated).  He argues the trial court erred when it found it could not conduct a full resentencing hearing under the statute because his original sentence was entered pursuant to the terms of a negotiated plea.  We remand the matter for resentencing.

1

# FACTS AND HISTORY OF THE PROCEEDINGS

We omit a summary of the facts underlying defendant's conviction because they are not relevant to the issues raised in this appeal.

Procedurally, between November 2016 and June 2017, the People filed five criminal complaints against defendant. In October 2017 defendant entered a global negotiated plea for all five actions, pursuant to which he entered pleas of no contest to some counts; admitted some enhancements; admitted to having served a prior prison sentence as contemplated by then section 667.5, subdivision (b) (prison prior); and agreed to an upper term of 12 years and 8 months. The prison term included one upper term sentence of three years for a Vehicle Code section 2800.4 violation. In November 2017, the trial court sentenced him to a total term of 12 years and 8 months in prison.

In July 2022, defendant was identified by the California Department of Corrections and Rehabilitation (CDCR) as a person eligible for relief under section 1172.75, and counsel was appointed to represent him in the proceedings. The trial court set his case for hearing on August 11, 2022. On August 11, 2022, counsel for defendant appeared before the trial court and addressed multiple resentencing matters that had been calendared for that date, and he stated he needed more time in all the matters because he still had not received from CDCR the files he needed to proceed with the hearings. The court continued the matter.

At later hearings, the court gave the defense further continuances while the defense waited to receive files from CDCR. At an April 2023 hearing, defense counsel stated he was working with CDCR to arrange confidential phone communications with his clients before filing petitions regarding resentencing, and the trial court set a status conference date in June 2023. At the June 2023 status conference, the trial court set a resentencing hearing for August 14, 2023.

On July 28, 2023, defendant filed a petition for resentencing under section 1172.75. Defendant sought a reduction in other aspects of his sentence, in addition to asking the trial court to strike the one-year term imposed due to his prison prior. Defendant argued at least one of his section 12022.1, subdivision (a), on bail enhancements should be stricken, under amendments made to section 1385, subdivision (c), in 2022; and that the court should impose a low-term on the first full-term count, for 16 months instead of 2 years, under amendments made to section 1170 after 2017. Defendant encouraged the trial court to consider efforts he had made to rehabilitate himself while in prison.

The People filed opposition and asked the court to impose an 11 year, 8 month term at resentencing. That is, the People asked the trial court to impose the same term as the one negotiated in 2017, less the one year term for the prison prior. Citing *People v. Mitchell* (2022) 83 Cal.App.5th 1051 (review granted Dec. 14, 2022, S277314), the People argued that defendant was not entitled to resentencing because he had entered into a stipulated plea agreement.

At the resentencing hearing, the trial court began by addressing what it characterized as "the issue . . . that's decisive in the case": whether it could set aside and change the sentence based on the reasoning in *Mitchell*. The court noted that, in this case, there had been a stipulated plea, which the trial court had accepted. "However, when the law changed, the Court did strike a prior prison term and placed the matter back on calendar for resentencing. [¶] . . . [W]hen the Court accepts a stipulation reached between the parties, I have two choices: I accept it or I reject it, but I can't change it." The trial court stated it was going to continue to accept the stipulated resolution between the parties, though it struck the one year term for the prison prior. It said it was "following *Mitchell*" in making this ruling. The revised term was 11 years and 8 months.

The court struck fines that had not been part of the plea deal which it could no longer impose under section 7600.10, subdivision (c)(1). It also exercised discretion to

impose lesser restitution fines in one of the cases. The court also stated the abstract of judgment needed to be amended to provide defendant credit for time served between November 28, 2017, and August 14, 2023. It directed CDCR to calculate time earned for good behavior and work.

The amended abstract of judgment does not reflect time served between November 28, 2017, and August 14, 2023.

Defendant filed a notice of appeal on August 16, 2023.

DISCUSSION

I

*Statutory Amendments to Relevant Sentencings*

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).)" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.)

Effective in 2020, the Legislature limited the circumstances in which a prison prior term could be added to a defendant's sentence. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) Effective in 2022, the Legislature enacted a statute allowing for resentencing in certain pre-January 2020 cases in which prison prior terms were imposed. (Former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022; *People v. Superior Court* (*Williams*) (2024) 102 Cal.App.5th 1242, 1249, review granted Aug. 28, 2024, S286128.)

The operative statute, section 1172.75, sets forth a resentencing procedure that allows prisoners to be resentenced by the trial court if they are currently serving terms for

judgments that include prison prior term enhancements based on prior offenses that were not sexually violent.

This process begins with the Secretary of the Department of Corrections and Rehabilitation (CDCR) (or county correctional administrator) identifying the affected prisoners to the sentencing court that imposed the prisoners' enhancements. (§ 1172.75, subd. (b).) If the sentencing court verifies that a prisoner's current judgment includes a term imposed for a prison prior, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d), sets requirements for the resentencing process once the trial court has verified a defendant's eligibility, which include: "(1) Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed. [¶] (2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing. [¶] (3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. [¶] (4) Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the

defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  [¶]  (5) The court shall appoint counsel."

II

*Jurisdictional Issues*

In their respondent's brief, the People argue the trial court lacked jurisdiction to consider defendant's motion for a full resentencing in 2023.  The People reason that the trial court resentenced defendant under section 1172.75 in July 2022, defendant did not challenge or appeal the 2022 ruling, and by the time defendant filed his petition in 2023 the trial court lacked jurisdiction over the matter.

In response to the People's argument, defendant obtained an augmented record, that demonstrated that while the trial court acknowledged defendant was eligible for section 1172.75 relief in July 2022, due to a series of continuances to enable the defense to obtain necessary files and to allow time for the court and parties to prepare for section 1172.75 hearings in multiple cases, the trial court did not consider its full authority to resentence defendant and pronounce a revised sentence under section 1172.75 until the August 14, 2023, hearing.

Trial courts are deprived of jurisdiction to resentence a criminal defendant once execution of a sentence has begun.  (*People v. King* (2022) 77 Cal.App.5th 629, 636, review denied (July 27, 2022).)  However, there are some exceptions to this rule.  (*Id.* at p. 637.)  Section 1172.75 provides trial court's jurisdiction to resentence a defendant once CDCR has identified that defendant as serving a term that includes a prison prior enhancement.  (*People v. Cota* (2023) 97 Cal.App.5th 318, 332 (*Cota*).)

Here, the People acknowledge that CDCR identified defendant as a person serving a term with a prison prior enhancement , and the trial court determined he was eligible for section 1172.75 relief in July 2022.  This gave the trial court jurisdiction to resentence defendant.  (§ 1172.75, subd. (c); *Cota*, *supra*, 97 Cal.App.5th at p. 332.)  Then, the trial

court continued hearings on resentencing and did not make a final resentencing determination until the August 2023 hearing.  Under these facts, the trial court had jurisdiction to consider defendant's sentence on August 14, 2023, when it made the ruling that is the subject of this appeal.

III

*Stipulated Sentences*

A.  Standard of Review

This appeal concerns the proper interpretation of section 1172.75.

" 'The proper interpretation of a statute is a question of law we review de novo.' (*People v. Lewis* (2021) 11 Cal.5th 952, 961 [].)  'The court's role in construing a statute is to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citations.]  In determining the Legislature's intent, a court looks first to the words of the statute.  [Citation.] . . . ' (*People v. Snook* (1997) 16 Cal.4th 1210, 1215 [].)  'We must look to the statute's words and give them their usual and ordinary meaning.'  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 [] (*Gonzalez*).)  'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.'  (*Snook*, at p. 1215.)"  (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 672, review granted Aug. 14, 2024, S285853.)

B.  Plea Agreements Do Not Preclude Full Section 1172.75 Resentencing

Defendant argues that the trial court erred in finding the plea agreement in this case prevented it from engaging in a full resentencing of defendant as specified in section 1172.75.  We agree.

Under the plain language of section 1172.75, subdivision (c), once a trial court determines a defendant's "current judgment includes an enhancement described in subdivision (a)," the court, "*shall* recall the sentence and resentence the defendant."

7

(Italics added.)  Subdivision (a), of section 1172.75 identifies, "[a]*ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5*" except for those based on sexually violent offenses.  (Italics added.)  Under section 1172.75, subdivision (d)(2), as part of that resentencing, the court, "*shall apply the sentencing rules of the Judicial Council and apply any other changes in law* that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (Italics added.)  This language is broad and contains nothing that would suggest the Legislature intended to limit the reach of resentencing so that sentences obtained through plea agreements would be excluded.  "[W]e will not add words" to statutes that the Legislature "has chosen to omit."  (*Becerra v. Superior Court* (2020) 44 Cal.App.5th 897, 919.)

Published case law regarding the reach of section 1172.75 and plea agreements supports our conclusion.  After the trial court made its ruling here, our colleagues in the Fourth Appellate District decided *People v. Carter* (2023) 97 Cal.App.5th 960 (*Carter*).  In *Carter* the trial court recalled a defendant's sentence and struck his one-year prison prior term from his sentence under section 1172.75, but the trial court "declined to conduct a full resentencing under the new law." (*Id.* at p. 964.)  The trial court had concluded it "did not have the authority to do so because [the defendant] was originally sentenced pursuant to a plea agreement." (*Ibid.*)  Considering many of the same arguments the People make here, the court of appeal reversed, holding, "in enacting Senate Bill 483, the Legislature intended that the full resentencing procedure in section 1172.75 should be applied to all sentences, including stipulated sentences imposed as part of a plea bargain." (*Id.* at p. 977.)

In a paragraph added onto the end of their argument that section 1172.75 does not authorize altering sentences entered pursuant to plea agreements other than by striking the former section 667.5, subdivision (b) enhancements, the People argue that deviating from a plea agreement by entering a revised sentence would violate their due process

8

rights. To support this argument, they cite *People v. Knox* (2004) 123 Cal.App.4th 1453, 1459. *Knox* considers a defendant's challenge to a fine imposed by a trial court which the defendant argued was not part of his plea bargain. (*Id.* at p. 1456.) As part of its analysis in explaining its affirmance of the fine, the court wrote, "[a] criminal defendant's constitutional due process right is implicated by the failure to implement a plea bargain according to its terms." (*Id.* at p. 1459.) Without citing any further authority, the People claim, "[i]t is axiomatic that the prosecution, the other party to the plea agreement, has the same due process right to see its bargain enforced."

As a preliminary matter, axiomatic or not, each brief filed in the court of appeal must, "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) The People did neither of those things here, and on this basis, we can decline to consider this argument. (*T.P. v. T.W.* (2011) 191 Cal.App.4th 1428, 1440, fn. 12 ["Father makes a cursory argument that, unless adoption is contemplated, allowing a person to file a petition to terminate parental rights would offend due process. We decline to consider this argument, since it is not stated under a separate heading, is not sufficiently developed, and is unsupported by citation to authority"].)

Moreover, our research into the issue reveals the People's position leaves room for debate. In *People v. Ault* (2004) 33 Cal.4th 1250, 1269, our Supreme Court said, "we have rejected the notion that 'the [P]eople's right to due process of law must be the exact equivalent to a criminal defendant's right to due process.' " In *Carter*, the court considered an argument that permitting full resentencing when the defendant's sentence is pursuant to a negotiated plea violates state and federal constitutional contract clauses. (*Carter*, *supra*, 97 Cal.App.5th at p. 976.) The court concluded the People did not have standing to assert such a violation. (*Ibid.*) The court wrote, "[a] county district attorney acts as an agent of the State of California when prosecuting crimes. . . . Thus, a plea

9

bargain such as the one between Carter and the People is essentially a contract entered into by the district attorney on behalf of the state. . . . It follows that when the People enter into a contract on behalf of the state, they cannot later assert that the state has unconstitutionally passed a law impairing that contract. . . . As a representative of the state acting in its governmental capacity, the district attorney therefore 'has no standing to raise the defense of impairment of contract.' [Citations.]" (*Carter*, at pp. 976-977.)

C. Remand is Warranted and the People May Not Withdraw from the Plea Agreement

We are not convinced by the People's arguments that remand is inappropriate.

First, the People argue the trial court did not abuse its discretion when it made its ruling, because the ruling was not arbitrary, capricious, or patently absurd. But "a court abuses its discretion when it misinterprets or misapplies the law." (*In re M.W.* (2018) 26 Cal.App.5th 921, 931.) Here, the trial court misinterpreted section 1172.75.

Second, without tying the argument to the record, the People argue the record " 'clearly indicate[s]' that the court would have reached the same conclusion had it been aware of its discretionary powers." Based on our review of the record, we cannot say it is "clear" the trial court would not have exercised its discretion differently had it been aware of its full resentencing obligation.

Finally, the People argue that if the trial court does further reduce defendant's sentence on remand, then the People should be able to withdraw from the plea agreement. The court of appeal considered and rejected a similar argument in *Carter*. (*Carter*, *supra*, 97 Cal.App.5th at pp. 964, 971-973, 977.) In rejecting this argument in *Carter*, the court relied heavily on an uncodified statement of intent included in Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). The court wrote, "[i]n our view, the Legislature's clear directive is that *any* reduction of the defendant's sentence on resentencing shall not be a basis for the prosecutor or the court to withdraw from a plea agreement. The

Legislature expressly stated that '*any changes* to a sentence as a result of the act that added this section *shall not be a basis for a prosecutor or court to rescind a plea agreement*.' (Stats. 2021, ch. 728, § 1, italics added.)  The all-inclusive phrase 'any changes to a sentence as a result of the act' (*ibid.*) can only be understood to include changes resulting from the law's resentencing provision, which provides for full resentencing and states that it 'shall result in a lesser sentence' unless it would endanger public safety and 'shall not result in a longer sentence than the one originally imposed.' (§ 1172.75, subd. (d)(1).)"  (*Carter*, at p. 973.)

Since *Carter* was decided, the Legislature has added section 1171.  (See Stats. 2024, ch. 964, § 1.)  Section 1171, subdivision (c)(1), codifies the statement of Legislative intent contained in Senate Bill 483, and applies to section 1172.75 proceedings.  (See § 1171, subds. (a) [defining postconviction proceedings to include proceedings to modify sentences under section 1172.75] & (c)(3) ["Any changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement" during postconviction proceedings].)  We agree that this language prevents the People from rescinding a plea agreement if the trial court changes defendant's sentence on remand.

III

*Correcting the Abstract of Judgment*

Defendant argues the abstract of judgment must be amended to reflect the actual custody credits awarded by the trial court.  Even if the trial court makes no further changes to defendant's sentence on appeal, we agree the abstract of judgment must be amended to reflect the actual custody credits awarded by the trial court.  (See *People v. Burke* (2023) 89 Cal.App.5th 237, 244; see also *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].)

11

## DISPOSITION

The sentence is reversed, and the matter is remanded for a full resentencing. Upon completion of the resentencing, the trial court is directed to prepare an amended abstract of judgment that properly reflects defendant's custody and work credits and to forward a certified copy to CDCR.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
BOULWARE EURIE, J.