Filed 4/23/26  P. v. Duarte CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL HERNANDEZ DUARTE,<br><br>    Defendant and Appellant. | F089272<br><br>(Super. Ct. No. F19901415)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Viktoriya Chebotarev, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Daniel Hernandez Duarte pled guilty to committing a lewd or lascivious act upon a child under the age of 14 years without admitting a factual basis for the plea. Pursuant to the plea agreement, the court dismissed another count for the same offense alleged against a second child victim. Defendant now appeals, asserting he did not agree to pay restitution on the dismissed count because he did not enter a waiver under *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*), which requires a defendant's agreement before any adverse consequences may result "by reason of the facts underlying, and solely pertaining to, the dismissed count." (*Id.* at p. 758.) We affirm.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On April 3, 2024, the District Attorney of Fresno County filed a second amended complaint charging defendant with two counts of a lewd or lascivious act upon a child under the age of 14 years (Pen. Code,[1] § 288, subd. (a); counts 1, 3) as to Jane Doe 1 and Jane Doe 2, respectively, and one count of indecent exposure (§ 314(1); count 2) as to Jane Doe 1. The second amended complaint also alleged defendant had suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), as well as three aggravating factors (Cal. Rules of Court, rule 4.421(a)(3), (11) & (b)(2)).

At a hearing the same day, the parties relayed their negotiated plea agreement, and the trial court indicated it would strike the prior strike conviction and grant probation contingent on a positive evaluation under section 288.1. Defendant pleaded guilty to count 1, without admitting a factual basis pursuant to *People v. West* (1970) 3 Cal.3d 595 (*West*), and admitted the prior strike conviction and one aggravating factor. The prosecution moved to dismiss the remaining counts and aggravating factors "with right to comment, restitution and a *Harvey* waiver." (Italics added.) The plea form noted that

---

[1] Undesignated statutory references are to the Penal Code.

2.

defendant may have to pay between $300 and $10,000 in restitution but did not specifically mention restitution on the dismissed counts.

The California Victim Compensation Board (CVCB) submitted a restitution request for $6,778.74 in a letter dated April 3, 2024. The request recommended ordering restitution as follows: $5,403.75 for "Mental Health" for "Confidential Victim"; $978.99 for "Residential Security" for "Confidential Victim"; and $396.00 for "Mental Health" for Jane Doe 1's mother. The parties agree that the $978.99 for residential security related to Jane Doe 2. On May 23, 2024, the probation officer submitted a report recommending restitution in the same amounts and with the same distribution requested by the CVCB.

On July 22, 2024, defendant successfully moved to withdraw his plea after the psychologist conducting defendant's evaluation pursuant to section 288.1 found he was an "above average risk for sexual recidivism." (Boldface & some capitalization omitted.)

On August 21, 2024, defendant again entered a *West* plea on count 1, admitted the prior strike conviction and one aggravating factor, and agreed to pay between $300 and $10,000 in restitution in exchange for a sentence of three years. The prosecutor moved "[t]o dismiss the remaining counts with right to comment and restitution and a *Harvey* waiver." (Italics added.) The court replied: "[M]y understanding is that you [defendant] are wanting to stay out of custody until your sentencing. And the People have no objection to that with a *Harvey* waiver." (Italics added.) The prosecutor confirmed this was the arrangement. The court listed other conditions of release, and defendant confirmed he understood, had no questions, and agreed to the conditions. Defendant was released from custody.

On October 25, 2024, the probation officer submitted a follow-up report continuing to recommend restitution of $6,778.74.

On November 8, 2024, the court intended to proceed with sentencing but stated it wanted to confirm, "given the restitution that was requested, that [defendant] is clear

about the *Harvey* waiver." (Italics added.) The court addressed defendant: "[A]s part of your plea agreement, the People required that you pay restitution, not only for the count that you pled guilty to, but also for the dismissed counts. Do you understand that?" Defendant responded, "Yes. Not really." The court gave defense counsel time to speak with defendant. Defense counsel then told the court he "had a chance to explain that" and believed defendant understood. Defendant asked if knowledge of the restitution provided grounds to withdraw his plea. The court believed a valid *Harvey* waiver had previously been given, but deferred to the prosecutor, who asserted she was prepared to proceed with a restitution hearing; the court recessed to review the transcript. Upon resuming the hearing, defense counsel indicated defendant wanted to relieve him as defendant's attorney. The prosecutor argued defendant was engaging in a delay tactic because he did not request to withdraw his plea and relieve counsel until he was told "about the restitution amount." The court stated:

> "There is a request for restitution in this case that is pretty significant. And when I took [defendant's] plea, two of the counts were dismissed, and there is restitution being sought on two of those counts. So I inquired today, this morning, to make sure that he understood that he was liable for restitution on those two amounts, because I did not specifically explain that to him when I took his plea. And at that point he indicated that he wanted to withdraw his plea."

The trial court permitted defendant to dismiss his attorney, and new counsel was appointed.

On December 6, 2024, defendant again moved to withdraw his plea, asserting he was not adequately advised and felt coerced to enter a plea because he believed he would receive probation. The motion and defendant's declaration in support focused on defendant's purported "unaware[ness] of much of the facts and circumstances of the allegations and charges" and his surprise when he entered his second guilty plea that the agreement would require a prison term. The only mention of restitution was in defendant's declaration, which read as follows: Prior defense counsel "did not provide

[defendant] with any copies of the pleadings or charges in this case and [he] did not know there were two victims in this case until [he] was at the settlement conference and was told [he] would have to pay for another person's expenses."

At a hearing on December 11, 2024, the trial court heard from the parties on defendant's motion to withdraw his plea but found no good cause. Turning to sentencing, the parties agreed there were no required changes or corrections to the probation report, and defense counsel stated he had given defendant copies of all information he had, including the probation reports; the court indicated its intent to follow the probation officer's recommendation. After hearing from several witnesses and from defendant, the court asked defense counsel if he had anything else to assert on behalf of his client, and counsel stated he did not. The court then struck defendant's prior strike conviction and sentenced him to three years in state prison. The court ordered defendant to pay $6,778.74 in restitution to the named victims in the second amended complaint, as per the CVCB restitution request and probation report. Neither defense counsel nor defendant raised any objection, despite the prosecutor and court's comments and despite the minute orders from the April 3 and August 21, 2024 hearings reflecting that defendant agreed to a *Harvey* waiver.

Defendant filed a notice of appeal on January 31, 2025.

## FACTUAL SUMMARY[2]

Defendant exposed his penis to Jane Doe 1 about four times and forced her to touch it, beginning when she was approximately eight years old. He also exposed his penis to Jane Doe 2 and touched her inappropriately on several occasions, starting when she was about five years old.

---

[2] Because this matter was resolved by plea agreement and defendant entered a *West* plea, admitting no factual basis for the plea, we draw the factual summary from the probation officer's report.

## DISCUSSION

As his sole point on appeal, defendant asserts the trial court abused its discretion by ordering restitution for Jane Doe 2. Defendant contends he "did not enter a valid *Harvey* waiver" (capitalization omitted) on dismissed count 3. Defendant also contends his argument should not be considered forfeited because he had no meaningful opportunity to object.

The People argue defendant's appeal is inoperative because he failed to obtain a certificate of probable cause. (See § 1237.5, subd. (b) [disallowing appeal from a judgment of conviction based on a guilty plea unless, among other things, the trial court "executed and filed a certificate of probable cause" for the appeal].) However, this presupposes restitution to Jane Doe 2 was included in the plea agreement and not, as defendant contends, an issue that arose after he entered his plea. (See *People v. Maultsby* (2012) 53 Cal.4th 296, 299, fn. 2 ["a defendant who has pleaded guilty … need not … obtain a certificate of probable cause if the appeal is based on … '[g]rounds that arose after entry of the plea and do not affect the plea's validity' "].) Thus, we must first resolve the question of whether restitution for Jane Doe 2 was included in the parties' plea agreement.

The People also contend defendant forfeited the issue by failing to object to restitution for Jane Doe 2. We resolve the merits of defendant's core claim to forestall any future claim for ineffective assistance of counsel. (See *People v. Torres* (2025) 113 Cal.App.5th 88, 92.)

For the reasons stated below, we find restitution to Jane Doe 2 was contemplated as part of defendant's plea agreement.

### A.     Standard of Review

In reviewing a challenge involving a plea bargain, we apply the standards of review applicable to contracts, generally. (*People v. Segura* (2008) 44 Cal.4th 921, 930.) " '[T]he "interpretation of a contract is subject to de novo review where the interpretation

6.

does not turn on the credibility of extrinsic evidence." ' " (*In re Ricardo C.* (2013) 220 Cal.App.4th 688, 696.)  If, on the other hand, the interpretation of a contract involves resolution of disputed facts or credibility determinations, we review the trial court's findings for substantial evidence.  (*People v. Paredes* (2008) 160 Cal.App.4th 496, 507.)

      *B.      Analysis*

      Section 1202.4, subdivision (f) provides:  "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims …."  Direct victim restitution is available only for losses resulting from the commission of a crime, from a defendant convicted of that crime.  (*Crump v. Appellate Division of Superior Court* (2019) 37 Cal.App.5th 222, 248.)  However, as one court summarized:

> "In [*Harvey*], our Supreme Court held that facts underlying charges dismissed as part of a negotiated plea may not, absent contrary agreement by the defendant (now called a *Harvey* waiver), be used to impose adverse sentencing consequences.  The principle expanded to cover victim restitution (e.g., *People v. Baumann* (1985) 176 Cal.App.3d 67, 74–75) and was soon codified.  (Stats. 1988, ch. 287, § 1, p. 989, adding Pen. Code, § 1192.3, subd. (b) ['If restitution is imposed which is attributable to a count dismissed pursuant to a plea bargain, … the court shall obtain a waiver pursuant to [*Harvey*] from the defendant as to the dismissed count.'].)"  (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 678, fn. omitted.)

As has been long recognized, section 1192.3 "clearly recognizes that restitution ordered on dismissed counts is valid provided the plea under which payment of restitution is made a condition was 'freely and voluntarily made, there is factual basis for the plea, and the plea and all conditions are approved by the court.' " (*People v. Beck* (1993) 17 Cal.App.4th 209, 216.)

      Here, defendant contends he did not enter a valid *Harvey* waiver on either April 3 or August 21, 2024, as to restitution on dismissed count 3 for Jane Doe 2.  He correctly notes the written plea form contains no discussion of restitution for victims of dismissed

7.

counts nor any text indicating the court could "consider the facts underlying dismissed counts" when ordering restitution. (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.) We agree it would have been better practice for the written plea agreement to state that restitution would be ordered for dismissed count 3 and to secure defendant's written waiver. But defendant cites no authority stating a particular form of words must be used, and as the parties note, *Harvey* does not require a personal waiver by the accused; it requires an "agreement." (*Harvey, supra*, 25 Cal.3d at p. 758.)

Plea agreements are interpreted by courts to "carry out the parties' reasonable expectations." (*People v. Knox* (2004) 123 Cal.App.4th 1453, 1458.) Relevant to this determination are " 'the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767 (*Shelton*).) The established test for the validity of waivers attending guilty pleas is whether the plea is determined to be voluntary and intelligent under the totality of the circumstances. (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 167.)

Here, the record makes clear that under the totality of the circumstances, restitution on count 3 for Jane Doe 2 was contemplated as part of the plea agreement and was agreed to by defendant. At the August 21, 2024 hearing, the court confirmed the core details of the agreement, which included victim restitution between $300 and $10,000 in exchange for a sentence of three years on count 1 and dismissal of counts 2 and 3. Defendant's initialed and signed plea form on this date is ambiguous as to whom the restitution would be paid, so we turn to extrinsic evidence surrounding the plea agreement. (*People v. Paredes, supra*, 160 Cal.App.4th at p. 507.)

When the prosecutor moved to dismiss the remaining counts—including count 3, which pertained to defendant's alleged conduct against Jane Doe 2—she did so "with right to comment and restitution and a *Harvey* waiver." (Italics added.) The August 21,

2024 hearing was not the first time *Harvey* was discussed, as the prosecutor made dismissal of counts 2 and 3 contingent on such a waiver at the first plea hearing on April 3, 2024. This indicates defendant would have had "an actual and demonstrable knowledge of the very right being waived." (*Jones v. Brown* (1970) 13 Cal.App.3d 513, 519.)

After the prosecutor's requested restitution and a *Harvey* waiver, the court replied: "[M]y understanding is that you [defendant] are wanting to stay out of custody until your sentencing. And the People have no objection to that with a *Harvey* waiver." (Italics added.) The prosecutor confirmed this was the arrangement. Then the court listed other conditions for defendant to remain out of custody, and defendant confirmed he understood, had no questions, and agreed to the conditions. Defendant remained out of custody through his sentencing on December 11, 2024. At no time during the August 21, 2024 hearing, nor in the months after he was on release, did defendant object to restitution on the dismissed counts, despite the August 21, 2024 hearing minute order reflecting he entered a *Harvey* waiver. Though defendant did briefly mention the restitution issue in December 2024, when he attempted to withdraw his plea before his sentencing, the court found it was a case of "buyer's remorse" lacking good cause (a finding defendant does not challenge here). Thus, the conduct of the parties after defendant's change of plea at the August 21, 2024 hearing demonstrates restitution for Jane Doe 2 was contemplated as part of the plea agreement. (See *Shelton, supra*, 37 Cal.4th at p. 767.)

Further, we find defendant reasonably could have wanted to pay restitution on count 3 in order to resolve the entire case. Doing so prevented his exposure to a second count of a lewd or lascivious act on Jane Doe 2, a child under the age of 14 years. Convictions on counts 1 and 3 under section 288 could have resulted in a sentence upwards of 32 years in state prison. (See §§ 288, subd. (a) [setting potential term of imprisonment at three, six, or eight years], 667, subd. (e)(1) [doubling the base term with

9.

one prior strike conviction], 669, subd. (a) [direction for concurrent or consecutive sentences]; Cal. Rules of Court, rule 4.425 [factors affecting concurrent or consecutive terms]; see, e.g., *People v. Davis* (1995) 10 Cal.4th 463, 552 ["Only one criterion or factor in aggravation is necessary to support a consecutive sentence."].) These "surrounding circumstances under which the parties negotiated or entered into the contract" counsel a conclusion that restitution for Jane Doe 2 was part of the plea agreement. (*Shelton, supra*, 37 Cal.4th at p. 767.)

Under the totality of the circumstances, we find the "reasonable expectations" of the parties' included an agreement to allow restitution for Jane Doe 2 and find evidence of defendant's knowing, intelligent, and voluntary waiver pursuant to *Harvey*. (See *People v. Sivongxxay, supra*, 3 Cal.5th at p. 167; *People v. Knox, supra*, 123 Cal.App.4th at p. 1458.)

## DISPOSITION

The judgment is affirmed.



HILL, P. J.

WE CONCUR:


DETJEN, J.


PEÑA, J.

10.